J. M02001/15

2015 PA Super 124

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
K.M.-F., A MINOR, : No. 12 WDM 2015
:
Petitioner :

Appeal from the Dispositional Order, February 23, 2015,
in the Court of Common Pleas of Allegheny County
Juvenile Division at Docket No. JV-12-002408

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

OPINION PER CURIAM: **FILED MAY 22, 2015**

In this case, we are presented with a petition for review filed pursuant to Pa.R.A.P., Rule 1770, 42 Pa.C.S.A., **Review of Dispositional Order for Out of Home Placement in Juvenile Delinquency Matters**. This relatively new rule was promulgated by our supreme court in response to the recommendations made by the Interbranch Commission on Juvenile Justice Report of May 2010. The commission was created in August 2009 with a mandate to develop appropriate recommendations for reform of the juvenile justice system. It recognized the importance of timely appellate review of juvenile placement decisions finding that in order for review to be meaningful, it must be completed before the child's placement or other disposition is completed. The commission recommended the following:

_____

* Retired Senior Judge assigned to the Superior Court.

> That the Supreme Court's Appellate Court Procedural Rules Committee and Juvenile Court Procedural Rules Committee collaborate to develop an expedited appeals process or, in the alternative, collaborate to develop a process that affords an aggrieved party an option to elect a mechanism that affords some measure of review of a juvenile court judge's decision short of a formal appellate review in the following proceedings . . . an order of disposition following an adjudication of delinquency that removes a child from his or her home.

Commission Report p. 56.

This expedited appellate review is the genesis of Rule 1770.[1]  The rule provides a vehicle for a juvenile placed in out-of-home overnight placement

---

[1]  **Review of Out of Home Placement in Juvenile Delinquency Matters**

   **(a)**  **General rule.**  If a court under the Juvenile Act, 42 Pa.C.S. § 6301 et seq., enters an order after an adjudication of delinquency of a juvenile pursuant to Rules of Juvenile Court Procedure 409(A)(2) and 515, which places the juvenile in an out of home overnight placement in any agency or institution that shall provide care, treatment, supervision or rehabilitation of the juvenile ("Out of Home Placement"), the juvenile may seek review of that order pursuant to a petition for review under Chapter 15 (judicial review of governmental determinations). The petition shall be filed within ten days of the said order.

   **(b)**  **Content.**  A petition for review under subdivision (a) shall contain:  (i) a specific description of any determinations made by the juvenile court; (ii) the matters complained of; (iii) a concise statement of the reasons why the juvenile court abused its discretion in ordering the Out of Home Placement; (iv) the proposed terms and conditions of an alternative disposition for the juvenile; and (v) a request that the official court reporter for the juvenile court transcribe the notes of testimony as required by subdivision (g) of this Rule.  Any order(s) and opinion(s) relating to the Out of Home Placement and the transcript of the juvenile court's findings shall be attached as appendices.  The petition shall be supported by a certificate of counsel to the effect that it is presented in good faith and not for delay.

(c)   Objection to specific agency or institution, or underlying adjudication of delinquency, is not permitted.

(1)   A petition for review under subdivision (a) shall not challenge the specific agency or specific institution that is the site of the Out of Home Placement and instead shall be limited to the Out of Home Placement itself.

(2)   A petition for review under subdivision (a) shall not challenge the underlying adjudication of delinquency.

**(d)   Answer.**  Any answer shall be filed within ten days of service of the petition, and no other pleading is authorized.  Rule 1517 (applicable rules of pleading) and Rule 1531 (intervention) through 1551 (scope of review) shall not be applicable to a petition for review filed under subdivision (a).

**(e)   Service.**  A copy of the petition for review and any answer thereto shall be served on the judge of the juvenile court and the official court reporter for the juvenile court.  All parties in the juvenile court shall be served in accordance with Rule 121(b) (service of all papers required).  The Attorney General of Pennsylvania need not be served in accordance with Rule 1514(c) (service), unless the Attorney General is a party in the juvenile court.

**(f)   Opinion of juvenile court.**  Upon receipt of a copy of a petition for review under subdivision (a), if the judge who made the disposition of the Out of Home Placement did not state the reasons for such placement on the record at the time of disposition pursuant to Rule of Juvenile Court Procedure 512(D), the judge shall file of record a brief statement of the reasons for the determination or where in the record such reasons may be found, within five days of service of the petition for review.

**(g)   Transcription of Notes of Testimony.**  Upon receipt of a copy of a petition for review under subdivision (a), the court reporter shall transcribe the notes of testimony and deliver the transcript to the juvenile court within five business days.  If the transcript is not prepared and delivered in a timely fashion, the juvenile court shall order the court reporter to transcribe the notes and deliver the notes to the juvenile court, and may impose sanctions for violation of such an order.  If the juvenile is proceeding in forma pauperis, the juvenile shall not be charged

to seek review of that decision within ten days of the placement order.[2]  The rule references the requirements of Chapter 15 of the Appellate Rules (Judicial Review of Governmental Determinations), which sets forth various procedural requirements of a petition for review generally.   Additionally, Rule 1561(a) allows that this court "may affirm, modify, vacate, set aside, or reverse any order brought before it for review and may remand the matter and direct the entry of such appropriate order or require such further proceedings as may be just under the circumstances."    Pa.R.A.P., Rule 1561(a), 42 Pa.C.S.A.

The superior court's Operating Procedure ("O.P.") § 65.22 allows for substantive petitions and motions, such as, motions to quash or dismiss appeals, petitions for permission to appeal an interlocutory order, and petitions for review, to be submitted to a three-judge motions panel which

---

> for the cost of the transcript.   Chapter 19 of the Rules of Appellate Procedure shall not otherwise apply to petitions for review filed under this Rule.
>
> **(h)  Non-waiver of objection to placement.**  A failure to seek review under this rule of the Out of Home Placement shall not constitute a waiver of the juvenile's right to seek review of the placement in a notice of appeal filed by the juvenile from a disposition after an adjudication of delinquency.

42 Pa.C.S.A. §1770.

[2] Under Rule 1770(h), the filing or the failure to file such a petition does not waive the juvenile's right of appellate review to a finding of delinquency or disposition order.

represents a quorum of the court for decision purposes.[3]  Upon filing with

the Prothonotary's office, such petitions are then reviewed by the court's

Central Legal Staff and submitted to the motions panel for decision.  The

volume of substantive motions filed with the superior court each year is very

high.[4]  Therefore, for purposes of expediting review by a motions panel of

petitions for review filed pursuant to Rule 1770, we suggest that a petitioner

specifically and clearly label the petition for review as one seeking expedited

review of out-of-home placement in a juvenile delinquency matter.[5]

Upon review of the petition for review filed in the case, we find it

meets the contents requirements of Rule 1770(b), which are designed to

provide the appellate courts with sufficient record materials to decide the

issue presented, including a certificate of counsel stating the petition is

presented in good faith and not for delay.  The petition is timely filed.  The

---

[3]     **Motions Review Subject to Motions Panel Disposition**.

    A.    Motions to Quash or Dismiss Appeals, Petitions for Permission to
          Appeal pursuant to Pa.R.A.P. 312, 1301-1323 and 42 Pa.C.S.
          §702(b), and Petitions for Review pursuant to Pa.R.A.P. 1501
          et seq. shall be subject to review and disposition by a panel of
          three judges.

O.P. § 65.22.

[4] Motions panels reviewed 523 such motions in 2014.

[5] As an intermediate appellate court, we lack the authority to amend the rules of
appellate procedure.  Such power resides with the Pennsylvania Supreme Court.
However, we recommend that the Supreme Court Appellate Rules Committee
consider including our suggestion as a filing mandate to Rule 1770.  This practice
would ensure that Rule 1770 petitions are immediately brought to the court's
attention and handled expeditiously.

juvenile court has complied with the directive of Rule 1770(f), by providing a statement of the reasons for its determination on the record at the conclusion of the hearing and with Rule 1770(g), by timely certifying the notes of testimony from the hearing. For the reasons that follow, we grant the petition for review and affirm the juvenile court's decision for out-of-home placement.

Petitioner was adjudicated delinquent for aggravated assault and recklessly endangering another person following his admission to those charges in exchange for the Commonwealth's withdrawal of the criminal attempted homicide charge and the amending of the robbery charge. There was no dispositional agreement between the parties. Following a lengthy dispositional hearing, the juvenile court permitted the Juvenile Probation Office to place Petitioner out of his home at Summit Academy or the Abraxas Leadership Development Program.

Petitioner admitted to luring his physically disabled best friend into the woods, attacking him, and leaving him on a hillside unconscious. The victim was outside until he awoke the following day and crawled out of the woods, where he was discovered and assisted by good Samaritans. The victim was hospitalized and suffered serious injuries as a result of the assault.

Petitioner filed this petition pursuant to Rule 1770(a). Petitioner argues that the juvenile court did not specifically state why out-of-home placement was the least restrictive alternative as required by the

Juvenile Act,[6] and that the juvenile court abused its discretion by ordering out-of-home placement because the decision was against the weight of the evidence presented at the hearing. Petitioner argued that the offenses occurred 17 months prior to the hearing, and the evidence established that Petitioner was on the honor roll, a star wrestler, actively participating in his voluntary private counseling, had never violated his electronic home monitoring or his no-contact order, and was determined to be a low-to-moderate risk for re-offending.[7] Petitioner argued that there was no evidence presented to establish or suggest that Petitioner could not be treated in the community or that any service or treatment plan required by

---

[6] Section 6352(c) of the Juvenile Act states:

> **(c)** **Required statement of reasons.--**Prior to entering an order of disposition under subsection (a), the court shall state its disposition and the reasons for its disposition on the record in open court, together with the goals, terms and conditions of that disposition. If the child is to be committed to out-of-home placement, the court shall also state the name of the specific facility or type of facility to which the child will be committed and its findings and conclusions of law that formed the basis of its decision consistent with subsection (a) and section 6301, including the reasons why commitment to that facility or type of facility was determined to be the least restrictive placement that is consistent with the protection of the public and best suited to the child's treatment, supervision, rehabilitation and welfare.

42 Pa.C.S.A. § 6352(a).

[7] Petitioner notes that he was assessed on the Juvenile Probation's predictive tool to have a low risk of re-offending, but his assessment was manually changed to moderate because of the nature of the charges themselves.

Petitioner could not be provided in a community setting. The Commonwealth did not file a response to Petitioner's petition.[8]

We first set forth our standard of review of a dispositional order:

> As noted by the court, the Juvenile Act grants to the court broad discretion in disposition. 42 Pa.C.S.A. §6341, §6352; **In re Love**, 435 Pa.Super. 555, 646 A.2d 1233 (1994). In the opinion dated November 21, 1999, the court details its rationale for the disposition it ordered. Finding that the court properly considered the information presented to it and fashioned a disposition it believed best suited the circumstances involved, we perceive no manifest abuse of discretion which would cause us to disturb its order.

**In the Interest of A.D.**, 771 A.2d 45, 53 (Pa. Super. 2001) (**en banc**).

The juvenile court had a lengthy dispositional hearing as evidenced by the 95-page transcript. At the dispositional hearing, the court heard testimony from Petitioner as well as his probation officer, his therapist, his social worker, and his mother. The juvenile court also heard testimony from the victim's father and uncle. The court heard recommendations and argument from probation, the Commonwealth, and defense counsel. During the hearing, the court asked each of the witnesses questions and noted that it would consider the testimony with appropriate weight in balancing Petitioner's rehabilitative needs against its duties to hold Petitioner accountable and protect the community. "In a juvenile proceeding, the

---

[8] Under Rule 1770(d), any answer filed to the petition for review shall be filed within ten days of service of the petition. We strongly urge the Commonwealth to file a response in the future.

hearing judge sits as the finder of fact. The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact finder." ***Id.*** (citation omitted).

The juvenile court discussed the impact on the victim and its concern that Petitioner needed a higher level of accountability for his actions.[9] The juvenile court explained that it does not believe that the amount of supervision and rehabilitative programs that Petitioner was receiving at the time of the disposition were enough given the seriousness of his actions. The court stated that while it believed that Petitioner was amenable to treatment, it was concerned by Petitioner's lack of remorse. The juvenile court noted that Petitioner was only concerned with the potential of his own life being disrupted but did not comment on how his actions impacted the victim's life. The juvenile court summarized its disposition as follows:

> It's all these reasons. For the victim's sake. For the community's sake. For accountability sake. But I heard that you, and I have heard conflicting [testimony], that you really don't want to have friends anymore because of this incident. If that isn't somebody that doesn't need treatment supervision rehabilitation, I don't know who is. The

---

[9] Petitioner was arrested on the charges on August 10, 2013, and transferred to the Allegheny County Jail where he remained until release to electronic home monitoring on May 22, 2014, in anticipation of a decertification hearing. Petitioner's counsel strongly advocated that the nine and one-half months spent incarcerated should be considered sufficient punishment, and Petitioner should be placed on probation with appropriate conditions. Counsel argued that this detention was punitive and satisfied the accountability factor. The trial court correctly concluded that accountability under the Juvenile Act is not the same as punishment, but rather, is directed to having the juvenile appreciate the seriousness and consequences of his actions in line with additional treatment and rehabilitation.

guy on a team that teammates rely on. If it is [a] team thing in wrestling. The kid that is in tenth grade that doesn't want to have friends. A kid that wants to stay at home other than for wrestling. And stay in his room. It's also restoring yourself besides the victim.

So, for all these reasons, and I had to put them on the record. I have to protect the public interest. This incident could have effect a lot of the public. I think it best suits that you have a placement. I'm not going to say it is going to be long one. But I think you need to review all your issues.

And [as] the good therapist back there said, I'm not going to start with anger[, but with] self-control. But you are going to get that. And you are going to get anger management. And you are going to get victim awareness. And you are going to get other competencies that we have not even spoke of. And I think you are going to be fine. But I think it's best suited for your treatment, supervision, rehabilitation and welfare.

I have to balance that with the protection of the community, imposition of accountability for offenses committed.

Notes of testimony, 2/10/15 at 89-90.

Petitioner additionally challenges placement in Abraxas or Summit Academy. However, his objection does not specifically relate to either placement so much as his belief that probation with conditions is all that is warranted. We recognize that the juvenile court did not specifically place on

the record its reasons for choosing this particular placement.[10]   However,

both programs' services were outlined for the court by juvenile probation.

> THE COURT:  What we are talking about, what is he going to get at Abraxas or Summit?
>
> [JUVENILE PROBATION OFFICER]:  They will offer the accountability measures to community protection.  They will do a victim awareness group.  They will help him complete community service hours.  They will do an ART of some sort.  They will assess him and assist with mental health needs that he has.  They will do individual counseling.  They will have mother involved for family counseling.  They will allow him to have visitation with mother.  And eventually, he can earn his way to home passes and eventually a discharge into some community-based program.

*Id.* at 75.

We believe, based on the reasons subsequently given by the court for

out-of-home placement, it determined that the Abraxas and Summit

programs provided Petitioner with the least restrictive confinement and

important treatment services.[11]

As Petitioner noted, the juvenile court has broad discretion when

determining an appropriate disposition.  The record demonstrates that the

court heard testimony from a number of witnesses on behalf of the victim

---

[10] The juvenile court considered more restrictive placement programs, and declined to follow the probation officer's recommendation to place Petitioner in a more serious secure facility, YDC Cresson.

[11] We note that under Rule 1770(c)(1), an objection to a specific agency or institution is not permitted to be challenged in the petition for review; but rather, the review is limited to the reasons for out-of-home placement only.

and Petitioner, and that it considered the recommendations of probation and counsel. The juvenile court noted that it had read the relevant statutes and that it took its responsibilities under the Juvenile Act seriously as it weighed its duties to hold Petitioner accountable, protect society, and rehabilitate Petitioner. We cannot find that the juvenile court abused its discretion in fashioning Petitioner's disposition and out-of-home placement under the circumstances of this case was not unreasonable.

Petition for review granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015