J-S39036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.W. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 571 WDA 2024 |

Appeal from the Order Dated April 12, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-JV-0000086-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: D.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.W. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1064 WDA 2024 |

Appeal from the Order Dated April 12, 2024
In the Court of Common Pleas of Washington County Juvenile Division at
No(s): CP-63-JV-0000123-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: D.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: D.W. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1065 WDA 2024 |

Appeal from the Order Entered April 12, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-JV-0000201-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: D.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

APPEAL OF: D.W.

:
:
:
:
:
:
:
:
:
:      No. 1066 WDA 2024

Appeal from the Order Entered April 12, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-JV-0000202-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: April 22, 2025**

Appellant D.W. appeals from the dispositional order placing Appellant at North Central Secure Treatment Unit (North Central) following her adjudication of delinquency and subsequent violation of her probation. Following our review, we vacate the trial court's order and remand for further proceedings.

The underlying facts and procedural history of this matter are well known to the parties.  Briefly, the trial court conducted a hearing to determine whether Appellant had violated her probation during her placement at Alternative Living Solutions.  ***See*** Dispositional Review Order, 4/12/24. Ultimately, the trial court concluded that Appellant violated the terms of her probation and placed Appellant at North Central.  ***See id.***

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The trial court issued a Rule 1925(a) opinion explaining that the record did not contain sufficient information concerning whether North Central was the least restrictive placement for Appellant and requested that

this Court remand for further proceedings. *See* Trial Ct. Op., 5/30/24, at 2-3.

On appeal, Appellant raises the following issue:

Should [Appellant] be granted a review hearing to re-evaluate the appropriateness of the disposition ordered on April 12, 2024, based on the procedural requirements and findings that were omitted during her violation of probation hearing on that date?

Appellant's Brief at 9.

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition. *In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014).

Section 6301 states that the Juvenile Act should be interpreted and construed to effectuate the following purpose concerning delinquent children:

Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S. § 6301(b)(2). Section 6301 also directs that juvenile courts use the least restrictive intervention consistent with community protection. *In Interest of D.C.D.*, 171 A.3d 727, 738 (Pa. 2017) (citing 42 Pa.C.S. § 6301(b)(3)(i)).

Section 6352 provides a juvenile court with a variety of options available for placement of a delinquent child ranging from permitting the child to remain with his or her parents to committing the child to an institution. **D.C.D.**, 171 A.3d at 739; **see also** 42 Pa.C.S. § 6352(a). Notably, Section 6352 provides "when confinement is necessary, the court shall impose the minimum amount of confinement that is consistent with the protection of the public and the rehabilitation needs of the child." 42 Pa.C.S. § 6352(a).

Here, the trial court addressed Appellant's claim as follows:

This Court recognizes that the case law in Pennsylvania supports the finding that a juvenile court's failure to cite the requisite findings on record at the hearing does not require automatic reversal. **See In the Interest of C.S.G.**, 2024 WL 1617896 (Pa. Super. [filed April 15,] 2024) [(unpublished mem.)] (citing **Commonwealth v. K.M.-F.**, 117 A.3d 346 (Pa. Super. 2015)). Nevertheless, unlike the Court in **K.M.-F.**, a review of the record in the present matter establishes that neither the Commonwealth and/or the Office of Juvenile Probation set forth specific factors identifying the need for out of home placement. While questions were asked by the Assistant District Attorney regarding placement problems and issues with home passes and information provided at hearing set forth behaviors and actions that were contrary to placement in the home; **neither this court, nor any participant, specifically addressed least restrictive alternatives.** Whether the product of over-familiarity with the juvenile and a blending of earlier such discussions, admonishments and review hearings, a review of the recording of proceedings on April 12, 2024, indicate the absence of such finding and/or discussion. Furthermore, the Juvenile Probation Officer providing testimony was in substitution of another officer and as asserted by Counsel for the Juvenile, [was] "unable to testify to what less restrictive options had been explore[d] in the Juvenile's case."

For the foregoing reasons, this court respectfully requests that the above-captioned matter be remanded to the Court of Common Pleas so that a hearing may be held to determine whether

- 4 -

placement at North Central [] is the least restrictive placement for the juvenile.

Trial Ct. Op. at 2-3 (some formatting altered, emphasis added).

Following our review of the record, we agree with the trial court's conclusion that remand is necessary. On remand, the trial court shall conduct a hearing to determine whether Appellant's placement at North Central was the least restrictive alternative. *See D.C.D.*, 171 A.3d at 738; *see also* 42 Pa.C.S. § 6301(b)(3)(i)).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/22/2025