639 A.2d 820

**COMMONWEALTH of Pennsylvania,**

v.

**Troy Scott SPENCER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 20, 1993.

Filed March 30, 1994.

632

Daniel K. Taylor, Lancaster, for appellant.

Craig W. Stedman, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before WIEAND, HUDOCK and MONTGOMERY, JJ.

WIEAND, Judge:

Troy Scott Spencer was tried by jury and was found guilty of robbery and criminal conspiracy in connection with the knife-point holdup of a Turkey Hill Convenience Store in Lancaster during the early morning hours of January 17, 1992. Post-trial motions were denied, and Spencer was sentenced to pay fines and undergo concurrent sentences of imprisonment of not less than five (5) years nor more than twenty (20) years

for robbery and not less than one (1) year nor more than ten (10) years for conspiracy.[1] On direct appeal from the judgment of sentence, Spencer contends that the evidence was insufficient to connect him with the crimes committed. He also contends that the trial court erred in allowing a witness to testify that his gait was similar to that of the robber and that his counsel rendered ineffective assistance.

When reviewing an appeal based on the sufficiency of the evidence, "[w]e view the evidence in the light most favorable to the Commonwealth, which has won the verdict. We then determine whether the evidence is sufficient to permit a jury to determine that each and every element of the crimes charged was established beyond a reasonable doubt." *Commonwealth v. Sattazahn*, 428 Pa.Super. 413, 418, 631 A.2d 597, 600 (1993). See also: *Commonwealth v. Chambers*, 528 Pa. 558, 565, 599 A.2d 630, 633 (1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992); *Commonwealth v. Sanders*, 426 Pa.Super. 362, 367, 627 A.2d 183, 185 (1993). Although guilt cannot be found from mere surmise, conjecture or speculation, *Commonwealth v. Scott*, 409 Pa.Super. 313, 315, 597 A.2d 1220, 1221 (1991), circumstantial evidence may sustain a conviction if the totality of the evidence establishes guilt beyond a reasonable doubt. *Commonwealth v. Chambers, supra*, 528 Pa. at 568, 599 A.2d at 635. Issues of credibility and of the weight to be assigned to evidence are for the jury, which is free to believe all, part or none of the testimony. See: *Commonwealth v. Griscavage*, 512 Pa. 540, 546, 517 A.2d 1256, 1259 (1986). See also: *Commonwealth v. Sattazahn, supra; Commonwealth v. Bailey*, 322 Pa.Super. 249, 269–270, 469 A.2d 604, 615 (1983). It is not necessary that the evidence be totally incompatible with innocence as long as the evidence is not " 'so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.' " *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), citing *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943).

1. These sentences were also to run concurrently with a prior sentence being served for robbery and conspiracy.

■ "A person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury. . . ." 18 Pa.C.S. § 3701(a)(1)(ii). To be guilty of conspiracy, a person must have agreed with another to commit or participate in the commission of a crime. 18 Pa.C.S. § 903. Our review of the record confirms that the Commonwealth presented testimony and evidence which established each and every element of these offenses.

At or about 2:55 a.m. on January 17, 1992, a man entered the Turkey Hill Store brandishing a knife and wearing a black T-shirt over his head, with holes cut out for his eyes. He ordered Robert Fogel, who was working the night shift, to "give it up." As Fogel retrieved approximately one hundred ($100) dollars from the cash register and gave it to the robber, William Dennison, while standing behind a nearby counter, observed the robber's appearance.[2] The robbery was also recorded on video tape by the store surveillance camera.

When the robber left the store, Dennison observed him enter an approaching vehicle. As the vehicle drove away, Dennison entered his car, followed the vehicle carrying the robber and obtained the number on the license plate. He saw the vehicle stop; whereupon, two men left on foot. Dennison then returned to the convenience store, where he found that the police had already arrived. He and Fogel described the robber as a white male, wearing a plain black leather jacket, dark trousers, sneakers and a black T-shirt over his head. They said he was about 5'5" or 5'6" tall and of medium build. He was not wearing glasses. Dennison said the robber's eyes were green.

With information supplied by Dennison, police were able to find the getaway car and arrest Mark Walton, who was found standing near the car. Walton was wearing dark clothes and a leather jacket, and Dennison identified him as the robber. Following his arrest, Walton implicated Spencer in the robbery. He and Spencer, Walton said, had been drinking at

2. Dennison was a friend of Fogel and had stopped in the store to help his friend pass the time.

Spencer's house when they decided to commit a robbery. After splitting a submarine sandwich at the Rendezvous Steak House,[3] Walton and Spencer drove to Walton's house, where they obtained a butcher knife and a black T-shirt. They then went to the Turkey Hill Convenience Store, where, according to Walton, Spencer entered the store while Walton waited in the car. After Spencer committed the robbery, both men drove away. Their car ran out of gas after only a few blocks, however, and they abandoned it. Spencer, according to Walton, had been wearing dark clothing and a plain black leather jacket.

At trial, Dennison identified Spencer as the person who had committed the robbery. He noted that it was Spencer who had the green eyes, and he offered an explanation for the mistake which had led him initially to identify Walton. Also called as a Commonwealth witness was Cindy Wimer,[4] who had known appellant for approximately a year and who had observed the distinctive and easily recognized gait with which he walked. When appellant walked, she said, he had a "bounce in his step . . . like rolling off a step." She was shown the video tape of the robbery, and said the robber walked like Spencer.

Appellant did not testify but offered an alibi defense and attempted to show that he had been at a party at his house with other people on the night of the robbery, where he had fallen asleep. Two defense witnesses had observed appellant at the party but were unable to be definite about his whereabouts at 2:55 a.m.

■ The total evidence was sufficient to permit a jury to find that appellant had entered the Turkey Hill Store and had committed the robbery on January 17, 1992. It was not rendered insufficient merely because Walton had been an accomplice. "Where parties in crime testify against each other, their testimony must be recognized as coming from a

3. An employee confirmed that Walton and Spencer had been at the Steak House at or about 2:30 a.m.

4. Cindy Wimer had been appellant's parole officer. Any reference to this relationship was carefully excluded by the trial court.

corrupt source and therefore must be subject[ed] to the closest scrutiny." *Commonwealth v. Todt*, 318 Pa.Super. 55, 63, 464 A.2d 1226, 1230 (1983). However, guilt may be predicated even upon the uncorroborated testimony of an accomplice. *Commonwealth v. Goldblum*, 498 Pa. 455, 466, 447 A.2d 234, 240 (1982); *Commonwealth v. Hudson*, 489 Pa. 620, 628, 414 A.2d 1381, 1385 (1980); *Commonwealth v. Todt*, *supra*.

In the instant case, Walton's testimony was corroborated by the testimony of William Dennison and, in part, by the testimony of Cindy Wimer. Dennison's testimony was not rendered incompetent by his prior identification of Walton as the robber. He was questioned about his prior identification and offered an explanation for the mistaken nature thereof. His identification of appellant at trial, however, remained unshaken by cross-examination. The credibility of his testimony, therefore, was for the jury. *Commonwealth v. Davis*, 313 Pa.Super. 355, 360–361, 459 A.2d 1267, 1270 (1983).

Appellant argues that Cindy Wimer's testimony was incompetent and should have been disallowed because she was not qualified to express an opinion that the robber's gait was similar to his. Her testimony was clearly relevant to establish the identity of the robber. See: *Commonwealth v. Fromal*, 392 Pa.Super. 100, 572 A.2d 711 (1990) (voice identification testimony); *Commonwealth v. Miller*, 385 Pa.Super. 186, 560 A.2d 229 (1989) (same).

Whether testimony constitutes fact or opinion is sometimes a difficult determination to make, for at times it may include elements of both. That appellant walked with a gait similar to that of the robber was such testimony. Whether fact or opinion, however, the testimony was properly received by the trial court.

In *Lewis v. Mellor*, 259 Pa.Super. 509, 393 A.2d 941 (1978), the Superior Court elected to adopt the approach espoused by Rule 701 of the Federal Rules of Evidence. This approach is as follows:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Here, the witness's opinion that the gaits of the robber and appellant were similar was rationally based on her perception and was essential to a clear understanding of her testimony. The trial court did not err by allowing the jury to hear this testimony by the witness.

▮▮▮ To establish a claim for ineffective assistance of counsel, appellant must show that: (1) the underlying claim is of arguable merit; (2) the particular course chosen by counsel did not have some reasonable basis designed to effectuate appellant's interests; and (3) counsel's ineffectiveness prejudiced appellant. *Commonwealth v. Marshall,* 534 Pa. 488, 496, 633 A.2d 1100, 1104 (1993); *Commonwealth v. Williams,* 532 Pa. 265, 274, 615 A.2d 716, 720 (1992); *Commonwealth v. Stokes,* 532 Pa. 242, 250, 615 A.2d 704, 708 (1992). Trial counsel is presumed to have been effective, and it is appellant's burden to prove otherwise. *Commonwealth v. Marshall, supra.* In *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483 (1987), the Superior Court said:

When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. *See Commonwealth v. Spotts,* 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985). However, remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffec-

tive," before remand for an evidentiary hearing will be granted. *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).

*Id.* 368 Pa.Super. at 377, 534 A.2d at 485.

Appellant contends that three additional witnesses were available and, if called, would have confirmed that he had been at a party in his home on the night of the robbery. Whether they would have provided an alibi for the precise time of the robbery, however, does not appear. It appears, rather, that their testimony would have been cumulative of other defense witnesses who did testify generally to appellant's presence at a party at his home. As a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses. *Commonwealth v. Gonzales*, 415 Pa.Super. 65, 75, 608 A.2d 528, 533 (1992); *Commonwealth v. Shaw*, 398 Pa.Super. 341, 344–345, 580 A.2d 1379, 1381 (1990).

Appellant contends that another witness, Rick Kautz, was available and, if called, would have testified that Walton had told him that he wrongfully implicated appellant. This testimony would have substantially impaired the credibility of Walton's trial testimony and, if believed, may have resulted in a different verdict. We are constrained to conclude, therefore, that there is arguable merit in this contention.

Finally, appellant contends that his trial counsel was ineffective for failing to move pre-trial to suppress the identification testimony of William Dennison. Dennison had initially identified Walton as the robber. He allegedly changed his identification only after being told by police that they had in custody another person who, they believed, had committed the robbery. Police allegedly showed Dennison a photograph of appellant, which Dennison was allowed to compare with a photograph of Walton. According to appellant, it was then for the first time that Dennison changed his identification of the robber and implicated appellant.

If this is what happened, there is at least arguable merit in appellant's contention that Dennison's photo-identification of

appellant was the product of police suggestion. "The problem with an impermissible suggestive identification is the potential for misidentification, resulting in a due process violation if that identification is admitted at trial." *Commonwealth v. McGaghey*, 510 Pa. 225, 228, 507 A.2d 357, 359 (1986). In *Commonwealth v. Fowler*, 466 Pa. 198, 352 A.2d 17 (1976), the Pennsylvania Supreme Court said:

> [T]he testimony of a witness who will point an accusing finger at the defendant during the trial, should be prohibited unless the prosecution establishes by clear and convincing evidence at a suppression hearing that the witness's proposed trial identification will be reliably based on the witness's observation at the time of the crime, and that the identification was not induced by events occurring between the witness's observations at the time of the crime and the witness's in-court identification.

*Id.* at 204, 352 A.2d at 20.

Despite a suggestive identification procedure, an in-court identification will not be suppressed if the Commonwealth has shown by clear and convincing evidence that there exists an independent basis for the in-court identification. *Commonwealth v. Jarecki*, 415 Pa.Super. 286, 296, 609 A.2d 194, 199 (1992). This requires a consideration of:

> 1) the circumstances under which the witnesses viewed the actual crime; 2) the witnesses' degree of attention; 3) the accuracy of the description prior to the suggestive photo array; 4) the level of certainty in identifying the perpetrator; and 5) the lapse of time between the crime and illegal confrontation.

*Commonwealth v. Green*, 321 Pa.Super. 246, 253, 467 A.2d 1346, 1349 (1983). See: *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976). See also: *Commonwealth v. McIntosh*, 328 Pa.Super. 255, 261–262, 476 A.2d 1316, 1319 (1984).

A consideration of these factors does not demonstrate unequivocally and as a matter of law that Dennison had an independent basis for his in-court identification of appellant so as to nullify any arguable merit in appellant's contention that counsel should have moved to suppress Dennison's in-court identification testimony. The record discloses that Dennison, from where he was hidden behind a counter, was able to view the robber's profile for only a few moments. He described the robber's attire and build; but because the robber's face was covered, Dennison could not describe his facial features other than the color of his eyes. His description of the robber's build, moreover, was very general; and he initially identified Walton, whose build was similar, as the robber. Thus, there is arguable merit to appellant's contention that Dennison's in-court identification testimony was a product of the suggestive photo display used by police to induce Dennison's identification of appellant.

Because there is arguable merit in at least two of appellant's claims that counsel rendered ineffective assistance and that appellant may have been prejudiced thereby, an evidentiary hearing is necessary. Because these issues are being raised for the first time on appeal, moreover, trial counsel has not had an opportunity to be heard.

The judgment of sentence is vacated, at least for the time being, and the case is remanded to the trial court for an evidentiary hearing on those averments of ineffective assistance of counsel which this court has determined to have arguable merit. If counsel's assistance is found to have been effective, sentence may be reimposed. If counsel is found to have rendered ineffective assistance, however, a new trial must be granted. Jurisdiction is not retained meanwhile.