J-S55026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AJAMU R. LUNSFORD, | |
| Appellant | No. 377 WDA 2015 |

Appeal from the PCRA Order February 24, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017707-2003

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 17, 2015**

Ajamu R. Lunsford appeals from the February 24, 2015 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In June 2003, Darryl Terry, Sr. and his paramour, Jessenia Caraballo, owned a mobile store, selling groceries and cigarettes to people in the West End neighborhoods of the City of Pittsburgh.  On the evening of June 5, 2003, their mobile store was parked on Woodlow Street, near the Cherry Court Apartments.  There, people had gathered for a neighborhood party.

At about 8 p.m., Ms. Caraballo was at her store to restock inventory. While sitting in her parked SUV, speaking on the phone, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

approached her, spoke to her, and repeatedly asked her for a kiss. Ms. Caraballo observed that Appellant smelled of alcohol. She declined his advances, and Appellant left. However, she was upset by the encounter and called Mr. Terry, who was at home with their two children.

Upon his request, Ms. Caraballo returned home, picked up Mr. Terry and their children, and returned to their mobile store. When they arrived, Ms. Caraballo identified Appellant standing across the street at the neighborhood party. Mr. Terry, who recognized Appellant from the store earlier in the day, confronted Appellant. Appellant became very aggressive. When Mr. Terry attempted to return to the SUV, Appellant began shooting, and the party crowd scattered. Mr. Terry survived but was struck three times: in his left femoral artery, the back of his right thigh, and the right side of his buttocks. A bullet hit the SUV as well, but Ms. Caraballo and the children were unharmed.

Although Mr. Terry and Ms. Caraballo did not know Appellant personally, they described Appellant and informed the police that Appellant was known as "Jamu." Thereafter, both identified Appellant in a police-administered, photo array.

Appellant was arrested and charged with criminal attempt (homicide), aggravated assault, recklessly endangering another person (REAP) (two

counts), and firearms not to be carried without a license.[1]  Appellant waived his right to a jury trial.  A first bench trial ended in a mistrial.  However, in September 2007, a second bench trial commenced.

At the second trial, Mr. Terry and Ms. Caraballo testified on behalf of the Commonwealth.  Both positively identified Appellant as the shooter.  A third witness, Ms. Shayisha Woods, placed Appellant at the scene but did not observe the shooting.  Detective Dale Canofari also testified on behalf of the Commonwealth that, prior to Appellant's arrest, Mr. Terry and Ms. Caraballo identified Appellant from an array of six photographs.  Finally, the Commonwealth introduced physical evidence, including shell casings, a bullet fragment, and the firearm used in the assault.  However, the Commonwealth did not directly link the physical evidence to Appellant.[2]

Appellant testified on his own behalf.  According to Appellant, he never approached Ms. Caraballo but witnessed her involvement in a drug transaction that went awry.  According to Appellant, he surmised that trouble would ensue.  Thus, he and a friend, Mr. Andre Cain, decided to leave the party.  Mr. Cain called his girlfriend, Ms. Tia Martin, for a ride home.  Shortly after her arrival, Mr. Cain left with Ms. Martin, and Appellant walked toward his sister's home, several blocks away.  As they were leaving,

---

[1] Respectively, 18 Pa.C.S. §§ 901(a), 2702(a)(1), 2705, and 6106(a)(1).

[2] All parties stipulated that Appellant did not have a license to carry a firearm.

according to Appellant, gunfire broke out. Appellant denied shooting Mr. Terry. Notably, Appellant also denied drinking alcohol, on that evening or any other, due to a medical condition. However, Appellant offered no corroborating evidence of his medical condition.

Ms. Martin also testified on Appellant's behalf. Her testimony largely supported Appellant's recollection of the timeline of the evening; however, she did not address Appellant's abstinence from alcohol. Mr. Cain was not called upon to testify.

Following his trial, Appellant was convicted of aggravated assault, both counts of REAP, and the firearms offense.[3] The trial court sentenced Appellant to an aggregate term of fifteen to thirty years' incarceration. Following a lengthy delay, irrelevant to this appeal, a panel of this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Lunsford*, 82 A.3d 470 (Pa. Super. 2013) (unpublished memorandum).

In August 2013, Appellant *pro se* filed a petition for collateral relief. Counsel was appointed and filed an amended petition, as well as a supplemental petition, asserting ineffective assistance of trial counsel on several grounds. In May 2014, the PCRA court apprised Appellant of its intention to deny him relief, without a hearing, on his claim that counsel was ineffective for failing to challenge the out-of-court identification of Appellant

---

[3] Appellant was found not guilty of criminal attempt (homicide).

by Mr. Terry and Ms. Caraballo. However, the court granted Appellant a hearing to determine whether trial counsel was ineffective for (1) failing to call Mr. Andre Cain as a witness and (2) failing to solicit testimony from Ms. Tia Martin or Ms. Ivy Lunsford (Appellant's mother) regarding Appellant's abstinence from alcohol.

In November 2014, the PCRA court held an evidentiary hearing. Mr. Cain, Ms. Martin, and Ms. Lunsford each testified on Appellant's behalf. Mr. Cain's PCRA testimony largely corroborated the trial testimony of Appellant and Ms. Martin. However, Mr. Cain acknowledged that, in 2001, he had pleaded guilty to the charge of counterfeiting. Notes of Testimony, 11/17/2014, at 21. Ms. Martin testified that she had never seen Appellant drink, throughout their long friendship, and that he did not appear to be intoxicated on the night of the shooting. Finally, Ms. Lunsford testified that she never knew her son to drink alcohol or use other drugs and that Appellant abstained from alcohol because he suffered from epilepsy. However, on cross-examination, Ms. Lunsford acknowledged that she did not always know what her son did. *See id.* at 33. Moreover, she was unaware that Appellant pleaded guilty to possession of a controlled substance in 1995. *Id.* at 32.

In February 2015, the PCRA court issued an order, denying Appellant collateral relief. *See* PCRA Court Order, 02/24/2015. The court explained its decision in a memorandum opinion. The court determined that Mr. Cain

was not a credible witness, and therefore, according to the court, Appellant was not prejudiced by trial counsel's failure to call Mr. Cain to testify at trial. *See* PCRA Opinion, 02/24/2014, at 4-6. Moreover, the court noted that Mr. Cain acknowledged that he was previously convicted for counterfeiting and concluded that this provided trial counsel a reasonable basis to exclude Mr. Cain. *Id.* at 6. Regarding the testimony of Ms. Martin and Ms. Lunsford, the court concluded that Appellant suffered no prejudice. *Id.* at 7. The court noted that neither witness was in Appellant's presence for an extended period prior to the shooting and, therefore, could not testify persuasively as to whether Appellant drank any alcohol on that evening. *Id.*

Appellant timely appealed. Citing the opinion explaining its decision, the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant renews his basic contention that trial counsel was ineffective. He contends the PCRA court erred in (1) its assessment of Mr. Cain's credibility and its determination that there was a reasonable basis for trial counsel's decision not to call Mr. Cain as a trial witness; (2) its assessment of the persuasive value of testimony offered by Ms. Martin and Ms. Lunsford; and (3) its determination that the photo array shown Mr. Terry and Ms. Caraballo was not impermissibly suggestive. *See* Appellant's Brief at 30-35, 37-40, 42. Moreover, (4) Appellant contends that the

cumulative impact of trial counsel's errors warrant collateral relief. *Id.* at 55.[4]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim

_____

[4] Appellant's brief fails to include a statement of questions involved or a summary of his argument. ***See*** Pa.R.A.P. 2116(a); Pa.R.A.P. 2118. Thus, we admonish Appellant that he has not conformed to our Rules of Appellate Procedure and risks waiver. ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005). Nevertheless, we review his claims.

will be denied if the petitioner fails to meet any one of these requirements.

***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008)

(citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007));

***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).[5]

Appellant contends that trial counsel was ineffective for failing to call Mr. Cain as a witness. He asserts that the PCRA court erred in its determination that Mr. Cain was not a credible witness, clarifying certain minor inconsistencies between his testimony and the testimony of other witnesses. Moreover, Appellant rejects the PCRA court's conclusion that trial counsel's decision not to call Mr. Cain was reasonable, suggesting that the admission of evidence demonstrating Mr. Cain's conviction for counterfeiting would not have impeached his credibility as a defense witness.[6]

_____

[5] In its brief, the Commonwealth suggests we recognize, as a general rule of law, that a PCRA petitioner "fails to satisfy his burden of production – much less persuasion – unless he calls the allegedly ineffective attorney to the stand." Appellee's Brief at 21. According to the Commonwealth, absent testimony from the allegedly ineffective attorney regarding the "reasonable basis" prong of the ineffectiveness test, a petitioner's claim is necessarily defeated. ***Id.*** at 22 (citing in support ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775 783 (Pa. Super. 2015) (*en banc*)). We decline to accept the Commonwealth's suggestion and note that its reliance upon ***Reyes-Rodriguez*** is misplaced. In that case, the allegedly ineffective counsel actually testified. ***Id.*** at 779. Nevertheless, petitioner failed to establish an evidentiary basis for his ineffectiveness claim. ***Id.*** at 783.

[6] There is no dispute before this Court regarding Mr. Cain's availability or willingness to testify. ***See Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (setting forth the requirements to establish a petitioner's

*(Footnote Continued Next Page)*

Appellant's argument is without merit. The decision whether to call a particular witness implicates matters of trial strategy. *See Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007). Thus, Appellant must "demonstrate that trial counsel had no reasonable basis for declining to call" Mr. Cain. *Id.*

Here, Mr. Cain acknowledged his conviction for counterfeiting, a crime involving dishonesty. *See, e.g.*, *Kinniry v. Abington Sch. Dist.*, 673 A.2d 429, 433 (Pa. Cmwlth. 1996) (identifying both counterfeiting and trafficking in counterfeit goods to be crimes involving dishonesty, *i.e.*, *crimen falsi*). Pennsylvania Rule of Evidence 609(a) permits the admission of such crimes expressly "[f]or the purpose of attacking the credibility of [the] witness." Pa.R.E. 609(a). Thus, if trial counsel had called upon Mr. Cain to testify, the Commonwealth could have impeached his credibility. Moreover, Mr. Cain's testimony was largely cumulative of Ms. Martin's trial testimony. *See Commonwealth v. Spencer*, 639 A.2d 820, 825 (Pa. Super. 1994) ("As a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses."). In light of these considerations, we discern no error in the

*(Footnote Continued)* ————————

claim of ineffective assistance of counsel where counsel has failed to call a potential witness).

PCRA court's determination that trial counsel had an objectively reasonable basis not to call Mr. Cain.[7]

Appellant also contends that trial counsel was ineffective for failing to solicit testimony from Ms. Martin or Ms. Lunsford regarding Appellant's abstinence from alcohol.[8]  Appellant's contention merits little discussion. The PCRA court considered the testimony offered by Ms. Martin and Ms. Lunsford but discounted its persuasive weight, noting that neither witness was with Appellant for sufficient time to testify authoritatively that Appellant did not drink alcohol on the evening of the shooting.  PCRA Opinion at 7. Thus, the PCRA court concluded, Appellant suffered no prejudice, as their testimony "could not possibly have changed the outcome of the trial." ***Id.*** We discern no error.[9]

_____

[7] Further, we note the following.  Sitting as a fact-finder, the PCRA court was permitted to reject Mr. Cain's testimony based solely upon his counterfeiting conviction.  ***See, e.g.***, ***Commonwealth v. Emler***, 903 A.2d 1273, 1276 (Pa. Super. 2006) ("When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence."); Pa.R.E. 609(a).

[8] Ms. Lunsford did not testify at Appellant's trial but did testify at Appellant's sentencing.  As with Mr. Cain, there is no dispute regarding her availability or willingness, at the time of Appellant's trial, to testify in defense of her son. ***Sneed***, 45 A.3d at 1108-09.

[9] We note further that although Ms. Caraballo testified on cross-examination that, when Appellant approached her and asked her for a kiss, she was close enough to Appellant to "smell the beer on his breath," this observation was not instrumental to her in-court identification of Appellant as the individual who later shot Mr. Terry.  Notes of Testimony, 09/17/2007, at 56; ***see also***
*(Footnote Continued Next Page)*

Appellant contends that trial counsel was ineffective for not challenging the out-of-court identification of Appellant by Mr. Terry and Ms. Caraballo. According to Appellant, the identification procedure administered by police was unduly suggestive and thus created a substantial risk for misidentification. *See, e.g., Commonwealth v. Fisher*, 769 A.2d 1116, 1126 (Pa. 2001). However, the PCRA court examined the photo array displayed to Mr. Terry and Ms. Caraballo, considered the circumstances in which the out-of-court identifications occurred, and concluded they were not suggestive. The record supports, and therefore, we accept the PCRA court's conclusion. *Ragan*, 923 A.2d at 1170; *Carr*, 768 A.2d at 1166. Appellant's contention is without merit.

Finally, Appellant contends that the cumulative impact of trial counsel's errors warrants relief. This claim is devoid of merit. "It is well established that no number of failed ineffectiveness claims may collectively warrant relief if they do not do so individually." *Commonwealth v. Simpson*, 112 A.3d 1194, 1205-06 (Pa. 2015) (recognizing that the "cumulative prejudice" arising from otherwise valid claims may be

_(Footnote Continued)_ ———————————

Notes of Testimony, 09/17/2007, at 43 (unequivocally stating "Darryl was getting back in the truck[,] and [Appellant] just started shooting."). Moreover, Appellant's consumption of alcoholic beverages, or his abstinence therefrom, was not a subject of Mr. Terry's testimony. *See generally* Notes of Testimony, 09/18-19/2007, at 32-65.

considered). Here, Appellant has failed to establish that his trial counsel committed any errors.[10] Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2015

_____

[10] We note that Appellant's claim that counsel failed to solicit testimony regarding his professed abstinence from alcoholic beverages was arguably meritorious. To be clear, (1) Appellant's mother and friend were not called upon to testify that Appellant refrains from drinking alcohol, and (2) it appears that they were willing and able to so testify. However, we stress that Appellant incurred *no prejudice* from the absence of this testimony at his trial. Moreover, as this is Appellant's only claim disposed on prejudice grounds, there is no accumulation of prejudice to consider. Therefore, "cumulative prejudice," as recognized in **Simpson**, is irrelevant to Appellant's appeal.