J-S38004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAINE ARCH MCCARTY | |
| Appellant | No. 117 MDA 2015 |

Appeal from the PCRA Order entered December 19, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0007566-2010

BEFORE: WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED APRIL 14, 2016**

Appellant, Shaine Arch McCarty, appeals from the December 19, 2014 order dismissing his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. This matter is before us after we remanded with directions to Appellant's counsel to file an advocate brief. **See Commonwealth v. McCarthy**, No. 117 MDA 2015, unpublished memorandum at 19 (Pa. Super. filed November 17, 2015) (PCRA appeal). Counsel having complied, this matter is now ripe for decision. Appellant argues his trial counsel was ineffective for failure to call four witnesses at trial who could have testified that he acted in self-defense. We disagree.

We summarized the factual background and procedural history of this matter in our previous memorandum, which we incorporate here by

reference. *Id.* at 2-5.[1]  Briefly, following some derogatory comments Appellant made to victim Samantha Bowling and her friends, victim along with one of her friends, Amanda Rozas, confronted Appellant. The confrontation, which took place in the yard outside the apartment where the initial comments were made, quickly escalated once Appellant spit on Rozas' face. Appellant's and victim's versions of the facts differ on what happened next.  According to the victim, victim merely intended to approach Appellant to complain about his conduct.  As Appellant turned his back to her, victim touched his shoulder to get his attention.  Upon doing so, Appellant grabbed her by the hair and slammed her face into a nearby pole several times inflicting a large gash to her forehead, and causing a broken nose and swollen lip. Appellant, on the other hand, argues that after he turned his back to victim, victim jumped on Appellant's back, struck him, and bit him several times on the head. Appellant then threw victim off, slamming her face into the pole.  Photographs taken by responding officers confirmed that Appellant had sustained wounds to his head consistent with bite wounds.

Following the altercation, Appellant was charged and convicted of aggravated assault, simple assault, and harassment.  The trial court sentenced Appellant to seven to fourteen years' imprisonment for the aggravated assault conviction, no penalty for the simple assault conviction,

---

[1] *See also Commonwealth v. McCarty*, 1626 MDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed April 25, 2013) (direct appeal).

- 2 -

and 90 days' imprisonment to run concurrently on the harassment conviction. In connection with the same incident, victim was charged with and pled guilty to harassment. She maintained she did so as a matter of convenience, denying she ever struck or bit Appellant.

In this appeal, Appellant argues that trial counsel was ineffective for failure to call four witnesses to testify at trial.[2] In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

> [A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

---

[2] In his original brief to the instant panel, Appellant raised three issues for our consideration. ***See McCarthy***, 117 EDA 2015, at 7. In his brief after remand, Appellant raises only the instant issue.

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014) (citations modified). To demonstrate prejudice, the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). A petitioner's failure to satisfy any one element of the test will result in the rejection of his claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002). Thus, if an appellant is unable to demonstrate prejudice, we need not demonstrate the other two elements. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998). Regarding the specific issue here, it is worth noting that the decision whether to call a particular witness implicates matters of trial strategy. *See Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007). Thus, Appellant must "demonstrate that trial counsel had no reasonable basis for declining to call" said witnesses. *Id.*

Appellant claims that trial counsel was ineffective for failing to call four witnesses, namely Brandy Lehr, Terry McCarty, Polytimi Stump, and Justin Walters. According to Appellant, consistent with his self-defense claim, these witnesses would have testified to victim's alleged attack on Appellant. In order to demonstrate that trial counsel was ineffective in failing to present the testimony of a witness, the petitioner must establish the following factors:

> 1) [T]he witness existed; 2) the witness was available to testify for the defense; 3) counsel knew of, or should have known of, the existence of the witness; 4) the witness was willing to testify

for the defense; and 5) the absence of the testimony of the witness was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Smith*, 675 A.2d 1221, 1230 (Pa. 1996).

The first four elements of the test are met here: witnesses existed; witnesses were available to testify for the defense; defense counsel knew about them; and witnesses were willing to testify for the defense.[3] The only issue is whether counsel's decision not to call the witnesses at trial was so prejudicial to Appellant as to deny him a fair trial. Appellant argues he met this element. We disagree.

As noted by the trial court, the testimony about the victim's attack on Appellant was cumulative to the other testimony already elicited at trial. *See* Trial Court Opinion, 12/19/2014, at 2-7. Specifically, regarding Ms. Lehr, the PCRA court noted: "The fact that words were exchanged between [Appellant] and the victim was testified to at trial, as was the fact that after [Appellant] left the apartment, the [v]ictim followed after him. In addition,

_____

[3] At the hearing held on Appellant's PCRA petition, Brandy Lehr, Polytimi Stump, and Terry McCarty testified about what they would have said had defense counsel called them to testify at trial. Justin Walters was not present at the PCRA hearing because he had passed away between the trial and the PCRA hearing. Prior to his death, however, Mr. Walters prepared a notarized statement in which he described the events surrounding the instant matter. In his statement, Mr. Walters stated that he was prepared and willing to testify at trial, had counsel called him to do so, and that "he saw the victim on . . . Appellant's back, 'biting his head' and saw Appellant 'reach his hands up, lean down and pull her forward over his head off of him,' at which time her head hit the porch beam." Appellant's Brief at 14 (quoting Walters' Statement, 7/23/2013).

the jury also heard testimony that after the incident [Appellant] had bite marks on his head." *Id.* at 3 (citations to the record omitted).[4]

Regarding Ms. Stump, the PCRA court noted that "she saw someone on [Appellant]'s back and that person was beating him and hitting him in the head. . . . [S]he also saw [Appellant] flick that person off into a deck pole, but did not see what happened after [Appellant] removed the person from his back." *Id.* at 4 (citations to the notes of testimony of trial omitted).[5]

Regarding Terry McCarthy, the PCRA court noted that "he only saw a person run past him and jump on [Appellant]'s back, but he did not really see what happened to the person that was on [Appellant]'s back, as he was focused on the second person that came running by him, whom he tackled."[6]

_____

[4] The trial court also noted that Ms. Lehr's testimony would not have provided any additional information because Ms. Lehr "did not actually see the fight in question." Trial Court Opinion, 12/19/2014, at 3.

[5] The trial court also noted that defense counsel at the PCRA hearing testified that he did not call Ms. Stump as a defense witnesses because "when he talked to her prior to trial, she told him that she was very intoxicated on the night in question, that she did not see anything, and that she can't remember because she just wanted to get out of there." Trial Court Opinion, 12/19/2014, at 4.

[6] Regarding Justin Walters, the trial court solely considered the admissibility of the written statement describing the events surrounding the confrontation between Appellant and victim. The trial court concluded the statement was not admissible. Regardless of its admissibility, Mr. Walters' testimony would have been cumulative to the testimony already in the record. As noted above, Mr. Walters would have testified that "he saw the victim on . . . Appellant's back, 'biting his head' and saw Appellant 'reach his hands up, lean down and pull her forward over his head off of him,' at which time her
*(Footnote Continued Next Page)*

Evidence of the attack, however, was already in the record. The first Commonwealth witness, Rachel Schanberger, testified that she saw: (i) a woman yelling at Appellant in the yard outside the apartment; (ii) Appellant spitting on this woman's face; (iii) another woman fighting Appellant, and (iv) Appellant slamming two or three times this other woman's face against a nearby pole, while holding her by her hair. N.T. Trial, 2/6/2012, at 90-97. The PCRA also court noted that, at trial, victim acknowledged that she "was charged with harassment for jumping on [Appellant]'s back and biting him, and that she pled guilty to that charge." Trial Court Opinion, 12/19/2014, at 5 (citing N.T. Trial, 2/6/2012, at 149). Furthermore, the PCRA court noted Officer Michelle Hoover testified that at the time of the incident Appellant stated that someone jumped on his back, and that he either shrugged it off or pushed it off. *Id.* (citing N.T. Trial, 2/6/2012, at 160).

In light of the foregoing, the PCRA court properly found that the testimony Appellant could have elicited from these witnesses would not have been helpful to Appellant's case and its absence was not so prejudicial to deprive Appellant of a fair trial. Accordingly, the PCRA court properly concluded that trial counsel was not ineffective for not calling Brandy Lehr,

*(Footnote Continued)* _____

head hit the porch beam." Appellant's Brief at 14 (quoting Walters Statement, 7/23/2013). However, as noted *infra*, evidence of the altercation, including the attack of Appellant by victim, had already been testified to by another witness (Rachel Schanberger), Officer Hoover, and acknowledged by victim.

Terry McCarty, Polytimi Stump, and Justin Walters as witnesses as their testimony was cumulative of that of the other witnesses. ***See Commonwealth v. Spencer***, 639 A.2d 820, 825 (Pa. Super. 1994) ("As a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses") (citations omitted).

Order affirmed.

Judge Wecht did not participate in the consideration of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016