580 A.2d 1379

**COMMONWEALTH of Pennsylvania**

v.

**Keith SHAW, Appellant**

Superior Court of Pennsylvania,

Submitted June 18, 1990.

Filed Oct. 18, 1990.

Harvey L. Anderson, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, MONTEMURO and KELLY, JJ.

KELLY, Judge.

In this appeal, we are called upon to determine whether a defendant is denied due process of law where the trial judge failed to disclose that he had previously accepted bribes from other defendants. We find no due process violation instantly, and affirm.

The facts and procedural history may be set forth as follows. On January 8, 1986, appellant was arrested and charged with robbery, theft and assault following an altercation in a bar. Appellant was tried and convicted of these charges after a bench trial. Appellant thereafter was sentenced but no subsequent review of the judgment of sentence was sought.

Subsequently, appellant filed the instant petition under the Post–Conviction Hearing Act. New counsel was appointed to represent him, and he filed an amended petition which was denied. This timely appeal followed.

On appeal appellant raises the following issues: 1) whether appellant was denied due process of law, where, in a non-jury trial in which he was found guilty, the trial judge failed to disclose that he demanded and/or accepted bribes from other defendants in 1986, at or near the time of appellant's trial, in order to render results favorable to bribe-paying defendants, and whether the appearance of impropriety requires a new trial, and 2) whether trial defense counsel rendered ineffective assistance of counsel where in a highly contested case he failed to call all of the witnesses to testify, where one available witness would be an employee of the bar where the incident occurred.

Initially, appellant contends that he was denied due process by the trial judge's failure to reveal that he had

been taking bribes in other cases,[1] thus preventing appellant from obtaining knowledge of grounds for a recusal. We cannot agree.

In *Commonwealth v. Hewett*, 380 Pa.Super. 334, 551 A.2d 1080 (1988), *allocatur denied*, 522 Pa. 583, 559 A.2d 526 (1989), this author opined,

> [I]n order for appellant to prevail, he must establish there was a nexus between the activities being investigated by the JIRB and the trial judge's conduct at trial. *Cf. Johnson v. Johnson*, 424 P.2d 414 (Okl.1967) (the petitioner had the burden of convincing a constitutional majority of the Oklahoma Supreme Court that the judgment under review clearly was entered under circumstances of judicial wrongdoing, *i.e.* the former justice accepted a bribe in return for his vote). Moreover, even where appellant demonstrates the above requirement, *he must still allege and establish that bias, prejudice or partiality infected the* [fact finder] *or otherwise deprived him of a fair trial.*

551 A.2d at 1084, 1085.

Applying this standard instantly, we find no merit in appellant's claim. Appellant's claim of bias, *i.e.* that because the trial judge "solicited and received bribes" in some cases, he had to convict without regard to guilt or innocence in other cases to "show [ ] that there is a real need for the bribe to obtain a favorable result," *see* Appellant's Brief at 9, is wholly unsubstantiated in the record before this Court on appeal. Appellant's mere speculation is not sufficient. *See Commonwealth v. Hewett, supra*, 551 A.2d at 1083. Moreover, no ruling of the trial judge and no specific event or incident which occurred during the trial gave rise to any question as to the trial judge's objectivity or to the propriety of his rulings. *See id.* at 1085. As appellant has been unable to establish actual prejudice resulting from the trial judge's extrajudicial conduct, this claim fails. *See id.; In*

1. In May, 1988, the presiding judge was convicted of extortion for accepting money from the Roofer's Union and an attorney. *See United States v. Shiomos*, 864 F.2d 16 (3d Cir.1988).

*the Matter of: Judicial Inquiry and Review Board v. Snyder,* 514 Pa. 142, 155, 523 A.2d 294, 300, *cert. denied,* 484 U.S. 829, 108 S.Ct. 100, 98 L.Ed.2d 61 (1987) (Nix, C.J., concurring); *Commonwealth v. Weeks,* 381 Pa.Super. 411, 554 A.2d 68 (1989); *Commonwealth v. Curtain,* 365 Pa.Super. 424, 529 A.2d 1130 (1987).[2]

■ Appellant's second contention is that trial counsel was ineffective for failing to investigate, interview, and produce certain witnesses at trial. Appellant's claim is entirely without merit.

The standard for ineffectiveness of counsel claims is well settled. In order to establish a claim of ineffectiveness, appellant must establish that:

"... by act or omission, counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interest, and appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras,* 368 Pa.Super. 372, 374, 534 A.2d 483, 485 (1987); *Commonwealth v. Pierce,* 515 Pa. 153, 155–156, 527 A.2d 973, 975–76 (1987).

*Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990). Moreover, in order to deem counsel's failure to call a particular witness' ineffectiveness, there must be a showing that the testimony of such witnesses would have been helpful in establishing appellant's defense. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989).

Instantly, the witnesses appellant claims counsel should have called would have offered no more than cumulative

**2.** We note that appellant's reliance on *In the Interest of McFall,* 383 Pa.Super. 356, 556 A.2d 1370 (1989), *allocatur pending,* is misplaced. To the extent that this case may be seen to apply a *per se* rule of prejudice, we find its holding limited to the facts therein. There, the presiding judge was contemporaneously acting as an agent for the *prosecution.* Where, as here, the presiding judge is later found to be taking bribes from certain *defendants,* we hold that no *per se* rule is applicable.

testimony to the testimony offered by the witnesses counsel did produce. (N.T. 12/15/88, at 10). Therefore, appellant has not established how counsel's failure to call these witnesses prejudiced him in any way. Appellant cannot show how this testimony may have altered the verdict or aided in his defense. Thus, appellant's second claim must fail.

For the foregoing reasons, the order denying appellant relief under the Post Conviction Hearing Act is affirmed.

Order Affirmed.