771 A.2d 45 (2001)
In the Interest of A.D., a minor child.
Appeal of A.D., a minor.
Superior Court of Pennsylvania.
Argued December 15, 2000.
Filed March 30, 2001.
*47 Theodore J. Kukunas, Pittsburgh, for appellant.
Amy E. Constantine, Assistant District Attorney, Pittsburgh, for Com., participating party.
Before: McEWEN, P.J., DEL SOLE, KELLY, POPOVICH, JOHNSON, JOYCE, MUSMANNO, ORIE MELVIN and LALLY-GREEN, JJ.
*46 DEL SOLE, J.:
¶ 1 This appeal follows a trial court order adjudicating Appellant delinquent on one count of rape and two counts of indecent assault, and ordering him committed to Mars Youth Home. Appellant challenges the sufficiency of the evidence, the admissibility of certain evidence, the propriety of the court's commitment order, the delinquency finding and also asserts he received ineffective assistance of counsel. Finding each of these issues to be without merit, we affirm.
¶ 2 We begin by addressing Appellant's claim that the evidence offered by the Commonwealth was insufficient to support the adjudication. Appellant was charged with two counts of rape and two counts of indecent assault related to two separate instances, one occurring in the victim's brother's bedroom and another occurring in the basement bathroom at Appellant's home. The court ruled Appellant was not guilty of rape with respect to the *48 incident occurring in the bathroom, but there was sufficient evidence to support an adjudication of guilt on the remaining charges. On appeal it is specifically alleged that penetration with regard to the rape charge was not proven and that there was insufficient evidence to support the indecent assault which was found to have occurred in the basement bathroom.
In reviewing the sufficiency of the evidence to support the adjudication below, we recognize that the Due Process Clause of the United States Constitution requires proof "beyond a reasonable doubt" at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Terry Appeal, 438 Pa. 339, 347, 265 A.2d 350, 354 (1970), aff'd, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Additionally, we recognize that in reviewing the sufficiency of the evidence to support the adjudication of delinquency, just as in reviewing the sufficiency of the evidence to sustain a conviction, though we review the entire record, we must view the evidence in the light most favorable to the Commonwealth. See, e.g., Commonwealth v. Lawrence, 428 Pa. 188, 189, 236 A.2d 768, 769 (1968).
In re Johnson, 445 Pa. 270, 284 A.2d 780, 781 (1971).
¶ 3 To support the rape charge the Commonwealth offered testimony from the victim's brother and the investigating officer. The victim's brother testified that he was 14 years old, a neighbor of Appellant's and was currently committed to Auberle Memorial Home for treatment and rehabilitation after being adjudicated delinquent due to sexual offenses against his youngest sister, the victim in this case. He recounted how during the course of his treatment he identified Appellant as the person who had first assaulted his sister, approximately three years earlier. According to this witness, sometime in August of 1996, he was in his bedroom playing with his sister and Appellant. He went to get a snack and returned to find Appellant on top of his five-year-old sister. The brother testified that his sister and Appellant were on the bed and the victim's legs were open and her underwear was off on one leg. He stated that Appellant's underwear was down to his knees and he was "moving up and down a little bit, he was like rubbing his penis on her a little bit." N.T., 8/2/99, at 16. The brother testified that Appellant begged him not to disclose what he had seen and that, in an effort to "prove" his trust, Appellant directed him to "do it to her." Id. at 18, 284 A.2d 780. The brother complied and thus began a pattern of abuse of his sister by him, which lasted for the next few years.
¶ 4 The Commonwealth also presented the testimony of a detective assigned to the sexual child abuse unit. As part of his duties the detective was present during an interview of the child at Mercy Hospital. The child was speaking to a doctor while the detective observed the interview from another room through a two-way mirror which was wired for sound. The detective took notes of the victim's statements to the doctor regarding the incidents. The victim was asked to describe what happened between herself and her brother. The victim pointed to the genital area on a female doll and said her brother touched her "pee-pee," and when asked what he touched it with, she pointed to the genital area on a male doll. The victim stated that she called that part of the male body a "wiener" and stated that her brother "put it inside of her", "[in] my pee-pee." Id. at 109, 284 A.2d 780. The victim recounted that this happened many times with her brother and continued until he was sent to Auberle. She was asked if "anyone else *49 had ever done things like this to her," and she responded "yes," "[t]he boy that lived across the street named [Appellant]." Id. at 110, 284 A.2d 780. The victim was asked "what [Appellant] did," to which she responded, "[h]e did the same thing as my brother." The victim spoke of two incidents involving Appellant, one in the basement bathroom at Appellant's home and another in her brother's bedroom.
¶ 5 The bathroom incident was not witnessed by anyone. According to the victim, as testified to by the detective, while a few children were playing hide and seek she was alone with Appellant in a bathroom. She stated that at that time, "[h]e put his pee-pee with mine," and that she told her sister what had happened when they got home that same day. The victim said that a second incident occurred at her home in her brother's room. She recalled that she was five or six years old when this occurred. She stated that she remembered these "incidents because her brother [] did the same things to her, and he thought it was right." Id. at 113, 284 A.2d 780.
¶ 6 The victim's sister testified that she was in the basement of Appellant's home playing hide and seek on the day of the incident and she attempted to gain entry to the bathroom but it was locked. She recalled that when the door opened Appellant and her sister emerged. Later when the sisters returned home, the victim's sister asked what "were you guys doing in the bathroom" to which the victim responded that she and Appellant put their private parts, which she termed "pee-pees," together. Id. at 49-50, 284 A.2d 780.
¶ 7 We conclude that this evidence offered by the Commonwealth was sufficient to support Appellant's adjudication. The relevant statutory provision with respect to the rape charge provides:
(a) Offense defined.A person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant:
...
(6) Who is less than 13 years of age.
18 Pa.C.S.A. § 3121. The term "sexual intercourse" is defined as requiring "some penetration, however slight, emission is not required." 18 Pa.C.S.A. § 3101.
¶ 8 In this case we have the testimony of the victim's brother relaying his observations of his sister on a bed with her underwear off on one leg with Appellant on top of her moving up and down, while his underwear was pulled down to his knees. Further, the statements of the victim indicating that Appellant had done "the same thing as my brother," who she stated put his "wiener" "in my pee-pee," was sufficient to establish penetration. Penetration need not reach the vagina or farther reaches of female genitalia. Commonwealth v. Trimble, 419 Pa.Super. 108, 615 A.2d 48 (1992) (where testimony of five-year old victim that defendant placed his "wiener" in her "tooter" was sufficient to establish penetration and support a rape conviction).
¶ 9 With respect to the indecent assault adjudication, Appellant's argument appears to challenge only the assault charge related to the bathroom incident. He asserts: "there is absolutely no testimony or evidence of improper touching of the alleged victim by [Appellant] relative to this incident." Appellant's Brief at 24. This is simply not true. Although Appellant testified at the hearing that during the game of hide and seek the victim jumped out of a shower stall while he was urinating in the bathroom, the testimony offered at the hearing, recounted above, supports the conclusion that there was an improper touching. The Commonwealth offered the *50 victim's statements through the detective's testimony which indicated that Appellant "put his pee-pee with mine." Viewing the evidence in the light most favorable to the Commonwealth, as we must, this declaration alone was sufficient to support the adjudication for indecent assault.
¶ 10 Appellant also questions whether the trial court erred when, pursuant to 42 Pa.C.S.A. § 5985.1, it permitted the detective to relate to the court the statements made by the victim. Appellant presents two arguments on this issue.[1] He asserts the "statement" did not have the requisite degree of reliability required under Pennsylvania case law because it was not a video-or audio-taped statement. He also claims that the prosecution failed to give the mandatory notice of its intention to use the statement, as required by statute. In addition, noting that counsel failed to raise any objection at the hearing on these grounds, Appellant asserts that prior counsel was ineffective.
¶ 11 Because these matters were waived at the hearing due to counsel's failure to object, Commonwealth v. Lawson, 762 A.2d 753 (Pa.Super.2000), it is appropriate to review them only as they relate to Appellant's claim of ineffective assistance of counsel. As with any ineffectiveness claim, trial counsel is presumed to be effective and Appellant has the burden of proving otherwise. Commonwealth v. Williams, 524 Pa. 218, 570 A.2d 75, 81 (1990). In reviewing ineffectiveness claims, we must first consider whether the issue underlying the charge of ineffectiveness is of arguable merit. Commonwealth v. Sherard, 483 Pa. 183, 394 A.2d 971 (1978). If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. Commonwealth v. Lennox, 250 Pa. Super. 80, 378 A.2d 462 (1977). If there is arguable merit to the claim, we must then determine whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. Commonwealth v. Evans, 489 Pa. 85, 413 A.2d 1025 (1980). Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987). The burden of producing the requisite proof lies with Appellant. Commonwealth v. Hentosh, 520 Pa. 325, 554 A.2d 20 (1989).
¶ 12 The statutory hearsay exception at issue provides:
(a) General rule.An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerating in 18 Pa.C.S. Ch. 31 (relating to sexual offenses) performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal proceeding if:
(1) the court finds, in an in camera hearing, that the evidence is relevant *51 and that the time, content and circumstances of the statement provide sufficient indicia or reliability; and
(2) the child either:
(i) testifies at the proceeding; or
(ii) is unavailable as a witness
42 Pa.C.S.A. § 5985.1.
¶ 13 Appellant argues the statement made by the child victim did not have the "sufficient indicia of reliability" necessary under § 5985.1(a)(1) because it was not recorded or videotaped as required by our Supreme Court in Commonwealth v. Wilson, 550 Pa. 518, 707 A.2d 1114 (1998). Appellant refers to the following language of Wilson which sets forth its ruling:
We hold, therefore, that under the Lively standard, when the prior inconsistent statement is a contemporaneous verbatim recording of a witness's statement, the recording of the statement must be an electronic, audiotaped or videotaped recording in order to be considered as substantive evidence. This will ensure that the requisite degree of reliability demonstrated will be similar to instances in which the statement was given under oath at a formal legal proceeding or the statement is reduced to a writing signed and adopted by the declarant.
Id. at 1118. (referencing Commonwealth v. Lively, 530 Pa. 464, 610 A.2d 7 (1992)(detailing when a prior inconsistent statement may be used as substantive evidence)). Appellant fails to recognize, however, that both Wilson and Lively concerned the admissibility of prior inconsistent statements which a party sought to admit as substantive evidence. Neither case involved the admissibility of statements under § 5985.1. Thus, Appellant is incorrect in asserting that under the dictates of Wilson the victim's statement was inadmissible because it was not audio- or videorecorded. The hearsay exception of § 5985.1 does not mandate that the statement be electronically recorded and our courts have recognized the admissibility of statements made by a child victim to another which were not audio- or video-recorded under this hearsay exception. See Commonwealth v. Bishop, 742 A.2d 178 (Pa.Super.1999) (statements made by minor victim to mother, father and investigating officer properly admitted).
¶ 14 Admittedly, as Appellant suggests, the witness to the statement might not recount the exact words used by the child and an electronic recording of the conversation would alleviate that problem. However, neither the statute nor case law imposes such a requirement. The trial court in this case did all that was required under the statute by determining that the content and circumstances of the statement provided sufficient indicia of its reliability. Appellant does not challenge the reliability of the statement itself, only the witness' recall of that statement. Appellant had an opportunity to challenge the detective's recall and did in fact make such an inquiry during cross-examination. Any discrepancies were a matter for a determination by the trier of fact. Thus, finding no merit to Appellant's underlying issue, Appellant's counsel cannot be found ineffective on this ground.
¶ 15 Appellant further challenges counsel's ineffectiveness for not objecting to the Commonwealth's failure to provide notice under the notice provisions of 42 Pa. C.S.A. § 5985.1(b). This section states:
(b) Notice required.A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance *52 of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.
¶ 16 It is apparent from a reading of the transcript that Appellant's counsel was provided with a copy of the victim's statement prepared by the detective on the morning of trial. Because no objection was made, we do not know whether Appellant's counsel was also advised of the Commonwealth's intention to use the statement, and if in fact such notice was given with the statements, whether Appellant's counsel had ample time to prepare. Appellant asserts that "sufficient notice of the intention to offer the alleged `statements'" was not given. Appellant's Brief at 16.
¶ 17 While Appellant's underlying claim regarding the lack of sufficient notice may have merit, we need not make a determination on that issue because Appellant has failed to allege he was prejudiced by the lack of notice. Appellant asserts that it is not necessary to engage in a prejudice analysis. He cites to Commonwealth v. Crossley, 711 A.2d 1025 (Pa.Super.1998) wherein this Court stated "[i]n light of the clear language of the statute, we find a prejudice analysis which would require a defendant to establish what he would have done differently had he been given notice, inappropriate." Id. at 1028 fn. 2. However, our Court in Crossley was considering the notice issue on its merits, whereas the instant claim is couched in terms of ineffective assistance of counsel. In considering whether counsel was ineffective for failing to object to a lack of notice, we must examine all prongs of the ineffective assistance of counsel test, which include an analysis of prejudice. In this instance Appellant does not allege how notice of the Commonwealth's intention to use the statement would have impacted his case. Because he does not allege how counsel would have prepared the case differently with notice, or how the absence of notice prejudiced his case, we find this claim of ineffectiveness to be without merit.
¶ 18 In a final ineffectiveness argument, Appellant contends that his counsel inexplicably failed to present the testimony of Appellant's parents.[2] Counsel will not be deemed ineffective for failing to present a witness absent some positive demonstration that the witness's testimony would have been helpful in establishing appellant's defense. Commonwealth v. Bulard, 305 Pa.Super. 502, 451 A.2d 760 (1982); Commonwealth v. Shaw, 398 Pa.Super. 341, 580 A.2d 1379 (1990). Appellant must show, inter alia, that the testimony would have added to his defense, that the witness was willing and able to testify, and that the witness's testimony would not have been merely cumulative of other evidence. Id.
¶ 19 Appellant has attached to his Brief affidavits of both parents outlining the testimony they were prepared to offer on their son's behalf. Both statements provide that they would have testified about a visit from the victim's mother to their home in which the victim's mother advised *53 them: "Don't worry, it's just nothing, she was examined, nothing happened to her, they were just kids, they were just playing, don't get upset about it," "[w]e are not even going to press charges," and "[i]t's real important that [Appellant] was 10 when this occurred."
¶ 20 Without discussion of the hearsay nature of such statements, we note that this evidence would not have had any impact on the outcome of Appellant's case. The trier of fact was presented with evidence from the victim's brother about his observations and with the statements made by the victim herself about what occurred. The victim's mother's comments as to her perception of the situation would not diminish this damaging testimony. Accordingly, Appellant has not established that counsel was ineffective for failing to call these witnesses.
¶ 21 Appellant also alleges that the Commonwealth failed to establish that he was the age of ten at the time of the alleged incidents. He alleges that he was only nine years old and that the matter should have been handled as a dependency rather than a delinquency matter. At Appellant's behest the trial court held a post-adjudication hearing on this precise issue. At that hearing Appellant's mother testified to the statements made to her by the victim's mother regarding the importance of Appellant's age. The court considered this testimony along with that offered by Appellant, the victim and the victim's brother at trial. The court concluded that the events took place in the summer of 1996, when Appellant was ten years old.
¶ 22 In a juvenile proceeding, the hearing judge sits as the finder of fact. In re Love, 435 Pa.Super. 555, 646 A.2d 1233 (1994). The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact finder. Id. The factual finding regarding Appellant's age was based upon a credibility determination and we, as an appellate court, will not substitute our judgment for that of the fact finder.
¶ 23 Appellant's final claim is that the court abused its discretion by disregarding the recommendation of the court-ordered experts when fashioning Appellant's commitment. After Appellant was adjudicated guilty, the court ordered him to undergo psychological and psychiatric evaluations. These were completed and the evaluations were presented to the court. These recommendations advised that there did not appear to be a need to place Appellant in an intensive residential sexual offender program. The probation officer recommended probation, yet the court placed Appellant in a residential treatment program.
¶ 24 As noted by the court, the Juvenile Act grants to the court broad discretion in disposition. 42 Pa.C.S.A. § 6341, § 6352; In re Love, 435 Pa.Super. 555, 646 A.2d 1233 (1994). In the opinion dated November 21, 1999, the court details its rationale for the disposition it ordered. Finding that the court properly considered the information presented to it and fashioned a disposition it believed best suited the circumstances involved, we perceive of no manifest abuse of discretion which would cause us to disturb its order.
¶ 25 Order affirmed.
NOTES
[1] We note that Appellant does not challenge the applicability of 42 Pa.C.S.A. § 5985.1 to juvenile proceedings despite the trial court's comments that this is a question which has not yet been addressed by the courts of this Commonwealth. See K.D. by K.H.D. v. J.D., 696 A.2d 232 (Pa.Super.1997) (ruling that proceedings under the Protection From Abuse Act are not "criminal proceedings" as contemplated by the hearsay exception found in 42 Pa.C.S.A. § 5985.1.) However, absent being raised as an issue or included in the argument section of Appellant's Brief, it would be inappropriate for this Court to consider the matter. We also note that as of October 18, 2000 the statute has been amended to permit the admissibility of statements made by a child victim "in any criminal or civil proceeding." Act No. 2000-84 (emphasis added).
[2] Appellant also includes the name of Adam Lewis alleging that he was present, ready and willing to testify. Because Appellant does not set forth the substance of what testimony this proposed witness would have provided, we are unable to review the merits of this claim. Commonwealth v. Clemmons, 505 Pa. 356, 479 A.2d 955 (1984). We note that a Rockwell Lewis was called by the defense at trial to testify regarding Appellant's good character. Appellant appears to allege that defense counsel did not properly question him on this point, but absent a specific allegation of error and a demonstration of prejudice, we likewise decline to review this matter.