J-A02021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF M.L.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.L.H., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 387 WDA 2020 |

Appeal from the Dispositional Order Entered January 21, 2020
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s):  CP-02-JV-0002230-2019

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED:  MARCH 8, 2021**

Appellant, M.L.H., appeals from the dispositional order entered after he was adjudicated delinquent of receiving stolen property, theft by unlawful taking, and fleeing or attempting to elude police.[1] On appeal, Appellant claims that the evidence was insufficient to sustain the adjudication of delinquency because the Commonwealth did not present sufficient evidence identifying him as the perpetrator of the offenses.  Appellant also contends, and the juvenile court and Commonwealth agree, that his adjudication of delinquency for fleeing or attempting to elude a police officer should have been graded as a misdemeanor rather than a felony.  For the reasons that follow, we affirm in part and vacate in part the adjudication of delinquency, vacate the dispositional order, and remand for the juvenile court to amend the grading

---

[1] ***See*** 18 Pa.C.S. §§ 3925(a) and 3921(a), and 75 Pa.C.S. § 3733(a) respectively.

on the adjudication of fleeing or attempting to elude police and enter a new dispositional order.

It was Christmas Eve, and Renee Bush's vehicle, a silver Lexus, was filled with gifts. Ms. Bush had started the vehicle and was about to drive away from her house when she remembered that she had forgotten something inside. Leaving the vehicle running, with her purse and the gifts in it, she stepped back inside the house. When she returned outside, her vehicle was not there. Ms. Bush immediately called the police and reported the stolen vehicle. **See** N.T. Adjudication Hr'g, 1/14/20, at 5-7.

Within minutes of Ms. Bush's call, Wilkinsburg Police Officers located the stolen vehicle driving on Ms. Bush's street away from her house. Detective Brandon Rourke started following the vehicle and turned on his lights and sirens. The vehicle did not pull over. Officer Christopher Duncan, who was in the area, pulled in behind Detective Rourke and turned on his lights and sirens. Officer Duncan described the stolen vehicle as "going at least about 25 miles [p]er hour." **Id.** at 21.

Officer Michael Adams saw the stolen vehicle stop on the side of the road. He saw the driver as he left the vehicle and fled on foot. Officer Adams, who was standing about ten to fifteen feet from the silver Lexus, saw the driver's face, despite the fact that the driver was wearing a hoodie. **See id.** at 11. Officer Adams relayed a description of the driver, what he was wearing, and the direction in which he was fleeing over the police radio and then

secured the vehicle, which had started drifting backward down the road and had slammed into a guardrail.  *See id.* at 14.

Officer Duncan and Officer Shawn Granger, together with his canine, started following the driver's trail, tracking him from the stolen vehicle down a hill and to a nearby abandoned house in the neighborhood.  *See id.* at 22. As Officers Duncan and Granger were preparing to enter the house, Detective Rourke advised them that someone was coming out of the front of the abandoned house.  Officer Duncan arrested Appellant as he was exiting the abandoned house and brought him back to the stolen vehicle.  *See id.* at 23. Upon searching the house, officers found no other people, but did find a light colored sweatshirt.

When Officer Duncan and Appellant arrived at the stolen vehicle, Officer Adams identified Appellant as the "same juvenile that [he] saw fleeing from the car, but he was not wearing the same sweatshirt at the time."  *Id.* at 16. Officer Adams estimated that about ten minutes had passed from his initial sighting of Appellant fleeing the vehicle until he saw him again.  Both sightings were during daylight hours.  *See id.*

The juvenile court held an adjudication hearing on January 14, 2020.  At the hearing, Officer Adams identified Appellant as the driver of the stolen vehicle.  *See id.* at 13.  He testified that when he saw Appellant after the arrest, he was unsure if it was the same sweatshirt.  He confirmed that "nothing about [Appellant's] appearance [had changed].  Just his sweatshirt." *Id.* at 19.  At the conclusion of the hearing, the court adjudicated Appellant

delinquent of receiving stolen property, theft by unlawful taking, and fleeing or attempting to elude police. On January 21, 2020, the court denied Appellant's motion for reconsideration and entered the dispositional order. This timely appeal followed. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the juvenile court filed a responsive Rule 1925(a) opinion.

Appellant raises two issues on appeal:

1. Whether the Commonwealth failed to present sufficient evidence as to the element of identity to establish beyond a reasonable doubt that [Appellant] committed the offenses of Receiving Stolen Property, Theft by Unlawful Taking, and Fleeing or Attempting to Elude a Police Officer where the only identification implicating [Appellant] came in court from a witness who was unable to identify him as the perpetrator at the scene?

2. Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that the offense of Fleeing or Attempting to Elude a Police Officer was properly graded as a felony rather than a misdemeanor where no evidence was presented that the pursuit in question ever exceeded 25 miles per hour or otherwise posed an extraordinary danger to police officers or the public?

Appellant's Brief at 5.

In his first issue, Appellant contends that identification testimony of Officer Adams was so uncertain that it could not establish that Appellant was the individual who stole the vehicle and eluded police. *See id.* at 15-16. He alleges that Officer Adams provided a general description after initially observing the perpetrator, noting only that it was a black male in a gray sweatshirt and dark pants. Appellant claims that Officer Adams was "unsure"

- 4 -

that Appellant was the perpetrator after the arresting officers brought him out of the abandoned residence, and was further equivocal about the color of the driver's sweatshirt during his in court identification. *See id.* at 18, 20. Appellant claims that because the Commonwealth relied solely on Officer Adams' testimony to establish identity, and that testimony was uncertain and based on a brief observation of the perpetrator while fleeing, evidence was insufficient to prove that he was the individual who stole the vehicle. *See id.* at 18-19.

When reviewing a sufficiency of the evidence claim on an appeal from a dispositional order following an adjudication of delinquency, our standard of review is similar to the standard employed in criminal appeals alleging insufficient evidence. We review the evidence to support the adjudication of delinquency in the light most favorable to the Commonwealth as verdict winner. *See In re A.D.*, 771 A.2d 45, 48 (Pa. Super. 2001) (*en banc*).

> In reviewing the sufficiency of the evidence to support the adjudication below, we recognize that the Due Process Clause of the United States Constitution requires proof beyond a reasonable doubt at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult.

*Id.* (citations and quotation marks omitted).

To sustain a conviction of receiving stolen property, the Commonwealth must establish that a person "intentionally receive[d], retain[ed], or dispose[d] of movable property of another" with knowledge that it was stolen or the belief that it was probably stolen. 18 Pa.C.S. § 3925(a). To sustain a conviction for theft by unlawful taking, the Commonwealth must prove that a

person has "take[n], or exercise[d] unlawful control over, movable property of another with intent to deprive him [or her] thereof." 18 Pa.C.S. § 3921(a). To sustain a conviction for fleeing or attempting to elude police, the Commonwealth must prove that a "driver of a motor vehicle . . . fle[d] or attempt[ed] to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop . . . ." 75 Pa.C.S. § 3733(a).[2]

Further, "[i]n addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes."

---

[2] Section 3733 sets forth the grading for fleeing or attempting to elude police as follows:

**(a.2) Grading.—**

(1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S. § 3733(a.2).

*Commonwealth v. Smyser*, 195 A.3d 912, 915 (Pa. Super. 2018) (citation and quotation marks omitted).

Instantly, Appellant challenges the sufficiency of the evidence identifying him as the perpetrator. Therefore, we will limit our review to whether the Commonwealth established this element of the crime. *See Commonwealth v. Cain*, 906 A.2d 1242, 1244 (Pa. Super. 2006) (declining to address the sufficiency of evidence supporting every element where an appellant only challenges identification evidence).

As to the sufficiency of identification evidence, this Court has held:

> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. **Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight**.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted; emphasis added). A challenge to the weight of the evidence must first be raised with the juvenile court. *See In re J.B.*, 106 A.3d 76, 95 (Pa. 2014) (concluding that a weight of the evidence claim must be presented to the juvenile court "so that it may address it in the first instance"); *see also* Pa.R.J.C.P. 620(A)(2).

J-A02021-21

Here, Appellant's claim—that Officer Adams was unsure and uncertain in his identification—is a challenge to the weight of the evidence. ***See Orr***, 38 A.3d at 874. Appellant, however, has waived any challenge to the weight of the evidence by failing to raise it with the juvenile court. ***See In re J.B.***, 106 A.3d at 95.

To the extent that Appellant's challenge may be construed as a sufficiency challenge, it lacks merit. It was for the juvenile court, as the factfinder, to determine the credibility of witnesses, and the court concluded that Officer Adams' identification of Appellant was credible. Specifically, the court explained:

> After hearing the testimony of all witnesses, it was clear to this court that [Appellant] changed his sweatshirt once entering the abandoned home on Hill Street. The sweatshirt that Officer Adams and Officer Duncan testified that they saw the suspect wearing, as he escaped from the stolen vehicle, was located in the basement of the house that [Appellant] was seen leaving from. There were no other persons in the abandon property and [Appellant] was apprehended within minutes of officers searching the area. Officer Adams testified that his uncertainty in the original identification of [Appellant] was due to the fact, he was no longer wearing the same color sweatshirt. However, both Officer Adams and Officer Duncan identif[ied] [Appellant] as the suspect that they observed fleeing from the stolen vehicle. Furthermore, both officers testified [Appellant] was wearing the same freshly muddy pants. This court has the authority to consider circumstantial evidence in making its decision. Additionally, as the factfinder, who has exclusive province in assigning the appropriate weight to witnesses' testimony, this court found the Commonwealth's witnesses cred[ible]. This court decided the evidence presented established [Appellant] was guilty beyond a reasonable doubt; and therefore, [Appellant] did commit the delinquent acts in which he was charged.

Juvenile Ct. Op., 4/14/20, at 14-15 (some capitalization omitted).

- 8 -

Accordingly, we conclude that Appellant's challenge to the sufficiency of the evidence establishing his identity does not merit relief. *See Orr*, 38 A.3d at 874.

In his second issue, Appellant contends that the juvenile court erred when it graded his adjudication of delinquency for fleeing or attempting to elude police as a felony of the third degree, rather than as a misdemeanor of the second degree. Specifically, he claims that the Commonwealth did not introduce evidence of any of the three criteria which would have been required for a felony conviction; Appellant was not driving under the influence, did not cross a state line, and did not engage in a high-speed chase. *See* Appellant's Brief at 23 (citing 75 Pa.C.S. § 3733(a.2)).

In its Rule 1925(a) opinion, the juvenile court stated that "[a]fter a review of the record, [it] agrees that it should have been graded a misdemeanor because Officer Duncan testified [Appellant] reached a speed of 25 miles per hour, which would not be considered a high speed chase." Juvenile Ct. Op., at 15-16. The court stated that upon remand it would correct the charge from a felony of a third degree to a misdemeanor of the second degree. *See id.* at 16.

Upon review, we agree that the evidence introduced by the Commonwealth did not establish that Appellant led police on a high speed chase or engaged in any of the other behavior that would make his adjudication of delinquency for fleeing or attempting to elude police a felony. *See* 75 Pa.C.S. § 3733(a.2).

Therefore, we affirm in part and vacate in part the January 14, 2020 adjudication order, and vacate the January 21, 2020 dispositional order. We remand for the juvenile court to correct the grading of the delinquent act from a felony of the third degree to a misdemeanor of the second degree. Furthermore, because the proper grading of the fleeing or attempting to elude police may affect the juvenile court's disposition, we remand for the entry of a new dispositional order.

Dispositional order vacated. Case remanded to the juvenile court for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2021