J-S36013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN NEE | : | |
| | : | |
| Appellant | : | No. 1420 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 2, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000576-2022

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: APRIL 4, 2025**

Bryan Nee appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, after he was convicted of one count each of rape of a child,[1] unlawful contact with a minor,[2] corruption of a minor,[3] and indecent assault of a child.[4]  After careful review, we affirm.

The trial court summarized the factual and procedural history of the matter as follows:

> [T]hese charges were brought after [Nee's daughter,] I.M.[, who was five years old at the time,] was treated for a rash in early

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] *Id.* at § 6318(a)(1).

[3] *Id.* at § 6301(a)(1)(ii).

[4] *Id.* at § 3126(a)(7).

2021, resulting in a diagnosis of genital herpes. She later exhibited unusual behavior while bathing, then made statements which led to an investigation and [Nee's] eventual arrest[.]

Shortly after [Nee] was charged, the Commonwealth filed a notice of its intention to use statements pursuant to the Tender Years Act, 42 Pa.C.S.A. § 5985.1. . . . After [a hearing], the [c]ourt determined that the evidence was relevant, and that the time, content[,] and circumstances of the statements provided sufficient indicia of reliability. The [c]ourt found that, assuming I.M. would testify as was proffered, the out-of-court statements made by I.M. to Cheryl Mack (I.M.'s mother), Joanne Supko (a Child Advocacy Center (CAC) forensic examiner), and April Cairl (a CAC medical examiner)[, which would otherwise be considered hearsay,] were admissible in evidence at trial pursuant to [section] 5985.1.

* * *

[At trial, t]he Commonwealth introduced testimony from [] Supko, [] who interviewed the victim. [] During the interview, I.M. told Supko that when she was alone with her father in his bedroom, while neither had underwear or pants on, he would "push" her "crotch" with his "crotch." I.M. told Supko that this happened more than one time, and that it hurt. [] I.M. demonstrated [the action] by thrusting her hips back and forth repeatedly.

[T]he Commonwealth also introduced testimony from [] Cairl[.] Cairl explained that while talking to I.M. to get a medical history[], I.M. demonstrated how she and [Nee] were positioned when he touched her. I.M. first positioned herself on her back with her legs sprawled out, then, mimicking what [Nee] did to her when she was in this position, got on her knees and rocked her hips back and forth. I.M. admitted to Cairl that she felt pain when [Nee] did this. I.M. then explained that other times she would sit on her father's lap and bounce up and down with his crotch touching her crotch.

Trial Court Opinion, 1/11/24, at 1-2, 14-15 (internal citations omitted and formatting altered).

On January 27, 2023, after a three-day trial, the jury convicted Nee of the above-mentioned offenses. The trial court ordered a pre-sentence

investigation report and a sexual offender evaluation pursuant to 42 Pa.C.S.A. § 9799.24. On June 2, 2023, the court determined that Nee met the criteria to be classified as a sexually violent predator (SVP) and sentenced him to an aggregate term of 20 to 40 years of incarceration.

Nee filed post-sentence motions for judgment of acquittal and a new trial, a motion to reconsider his sentence, and a motion to vacate the court's SVP classification. On September 27, 2023, the court denied Nee's post-sentence motions. On October 12, 2023, Nee filed a timely notice of appeal. Both Nee and the trial court have complied with Pa.R.A.P. 1925. On appeal, Nee raises the following claims for our review:

> 1. Did the trial court err or abuse its discretion in admitting [I.M.'s] statements [] through the testimony of [] Cairl[,] which constituted hearsay[,] [where] the statement did not provide indicia of reliability, [I.M.]was deemed competent to testify[,] and the Commonwealth did not meet its burden under the [T]ender [Y]ears [D]octrine under 42 Pa.C.S.A. §§ 5985 and 5985.1?
>
> 2. Was the evidence at trial[] insufficient as a matter of law to establish [Nee's] guilt beyond a reasonable doubt regarding the offense of rape of a child, []since[] the Commonwealth failed to establish that [Nee] engaged in "sexual intercourse" with [I.M.]?
>
> 3. Was the evidence at trial[] insufficient as a matter of law to establish [Nee's] guilt beyond a reasonable doubt regarding the offense of unlawful contact with a minor, [] since[] the Commonwealth failed to establish that [Nee] engaged in "sexual intercourse" with [I.M.] and, more specifically, rape of a child?

Appellant's Brief, at 2 (reordered for ease of review).

In his first issue, Nee challenges an evidentiary ruling made by the trial court, arguing that the court erred in admitting statements made by I.M. through the testimony of Cairl. *Id.* at 33. Specifically, he argues that I.M.'s

statements were unreliable because of Cairl's reasons for questioning I.M., her alleged deviation from CAC protocol, and her failure to record her interaction with I.M. *Id.* at 35-38.

Initially, we note:

> The standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence is well[-]settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will.

*Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010) (citations omitted).

"Generally, an out-of-court statement is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule." *Commonwealth v. Hunzer*, 868 A.2d 498, 510 (Pa. Super. 2005); *see also* Pa.R.E. 801(c) (defining "hearsay" as statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); Pa.R.E. 802 ("Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute.").

Here, the trial court determined that I.M.'s out-of-court statements were admissible under the Tender Years Hearsay Act (Act), which provides the following:

(1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing any of the offenses enumerated[], not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(i) the court finds, in an in[-]camera hearing, that the evidence is relevant and that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability; and

(ii) the child either:

(A) testifies at the proceeding; or

(B) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a).

The admissibility of this type of hearsay is determined by assessing the particularized guarantees of trustworthiness surrounding the circumstances under which the statements were uttered to the person who is testifying.  To determine whether a child's out-of-court statements are admissible under the [Act], a trial court must assess the relevancy of the statements and their reliability in accordance with the test enunciated in *Idaho v. Wright*.[5]  Although the test is not exclusive, the most obvious factors to be considered include the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age[,] and the lack of a motive to fabricate.

*Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa. 2014) (formatting altered, quotation marks and citations omitted).

Initially, we note that the only claim Nee has preserved is that I.M.'s statement to Cairl was unreliable because Cairl failed to record the statement. *See* N.T. Tender Years Hearing, 10/28/22, at 36 (counsel arguing I.M.'s statement to Cairl inherently unreliable solely because "[i]t's testimony that

---

5 *Idaho v. Wright*, 497 U.S. 805 (1990).

is not recorded"); *see also* Pa.R.E. 103(a)(1) (party may claim error in ruling to admit evidence only where party makes timely objection stating specific ground therefor). "Where the trial court denies relief on one theory, a defendant may not [obtain] appellate relief on a new theory for that same relief." **Commonwealth v. Rosser**, 135 A.3d 1077, 1086 (Pa. Super. 2016) (en banc). Accordingly, Nee has waived his other hearsay claims for failing to raise them in the trial court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

The Act contains no requirement that an out-of-court statement be recorded to be admissible at trial. The trial court properly examined the trustworthiness of the victim's out-of-court statements, and we find no abuse of discretion. **See Young**, 989 A.2d at 924. The trial court had the opportunity to review Cairl's medical report containing I.M.'s out-of-court statements and heard testimony from Cairl pertaining to CAC's forensic interview procedures. **See** N.T. Tender Years Motion Hearing, 10/28/22, at 29-34. Ultimately, the court "found in an in[-]camera hearing that the statements were relevant and that the time, content[,] and circumstances of the statements provided sufficient indicia of reliability." Trial Court Opinion, 1/11/24, at 11. We decline to find that the trial court exercised manifestly unreasonable judgment or showed any "partiality, prejudice, bias, or ill will" in admitting I.M.'s testimony. **See Young**, 989 A.2d at 924.

In his second issue, Nee claims that the evidence was insufficient to support his conviction of one count of rape of a child, where "the

- 6 -

Commonwealth failed to prove, beyond a reasonable doubt, that [] Nee engaged in sexual intercourse through any type of penetration." Appellant's Brief, at 18.

Our standard of review of a challenge to the sufficiency of the evidence is well-established:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144–45 (Pa. Super. 2013) (citation omitted).

"A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c). Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* at § 3101. "Penetration need not reach the vagina or farther reaches of female genitalia." *In re A.D.*, 771 A.2d 45, 49 (Pa. Super. 2001) (citation omitted).

Instantly, the trial court emphasized that, based on Supko and Cairl's testimony at trial, as described **supra**, I.M.'s description of Nee's behavior was sufficient to establish that Nee had sexual intercourse with I.M. and, therefore, to sustain his conviction of rape of a child. **See** Trial Court Opinion, 1/11/24, at 14-15. Based on our review of the record, the evidence presented at trial was sufficient to establish that "penetration[,] however slight[,]" occurred when Nee would "push" I.M's "crotch" with his "crotch" while "neither had underwear or pants on." Trial Court Opinion, 1/11/24, at 14-15. **See** 18 Pa.C.S.A. § 3101. Therefore, viewed in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, the evidence presented is sufficient to establish that Nee engaged in sexual intercourse with I.M. **See Teems**, 74 A.3d at 144-45. Accordingly, Nee's second claim fails.

In his final issue, Nee asserts that the evidence was insufficient to support his conviction of one count of unlawful contact with a minor, arguing essentially that "if the Commonwealth failed to prove, beyond a reasonable doubt, the predicate offense of rape of a child, it failed to establish all of the elements for unlawful contact with a minor beyond a reasonable doubt." Appellant's Brief, at 24, 30. As we have determined that the Commonwealth proved beyond a reasonable doubt that Nee committed the predicate offense of rape of a child, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/04/2025