J-S37013-25

2025 PA Super 294

| IN THE INTEREST OF: X.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: X.R. MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1363 EDA 2025 |

Appeal from the Dispositional Order Entered April 30, 2025
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s): CP-46-JV-0000098-2025

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.: **FILED DECEMBER 31, 2025**

Appellant, X.R., appeals from the April 30, 2025 dispositional order entered in the Montgomery County Court of Common Pleas in which the juvenile court adjudicated Appellant delinquent for Possession of Firearm by a Minor and Recklessly Endangering Another Person[1] and ordered out-of-home placement at a residential facility. Appellant argues that the juvenile court abused its discretion by considering a prior consent decree when imposing disposition. After careful review, we affirm.

The relevant facts and procedural history are as follows. On February 23, 2025, Appellant, who was fifteen years old at the time, brought a loaded firearm into an apartment, resulting in an accidental discharge that caused serious injury to another juvenile ("Victim").

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6110.1(a) and 2705, respectively.

On February 24, 2025, the Montgomery County Juvenile Probation Department filed a delinquency petition seeking detention of Appellant, which the court granted.

On March 7, 2025, Appellant appeared before the juvenile court and entered admissions to Possession of a Firearm by a Minor and Recklessly Endangering Another Person. Pursuant to these admissions, the juvenile court adjudicated Appellant delinquent and deferred disposition.

On April 18, 2025, the court conducted a dispositional hearing. The Commonwealth argued that the court should order Appellant placed in a residential facility. An officer from the Juvenile Probation Office ("JPO"), testified to a report produced by her office which recommended secure out-of-home placement based on Appellant's psychological evaluation, which also recommended placement, and the risk Appellant posed to himself and others. The officer also testified that she had supervised Appellant in connection with a prior consent decree and stated that Appellant had complied with his probation and completed supervision in that matter without issue. The Victim's mother then testified to the extent of Victim's injuries.

Relevant to this appeal, the Commonwealth asked the court to consider Appellant's prior six-month consent decree imposed on June 7, 2024, after Appellant admitted to the charge of Harassment. In that incident, Appellant shot a juvenile victim in the face with a BB gun. That consent decree had terminated on December 7, 2024. Appellant's counsel objected to the court's consideration of the consent decree because it did not result in a conviction or

- 2 -

adjudication of delinquency. The court overruled the objection, finding that the consent decree was relevant.

Appellant argued that he should be released to the community under probation supervision. He presented testimony from his mother and brother, and a letter of apology prepared by Appellant.

At the conclusion of the hearing, the court found Appellant delinquent, directed that he be placed in a non-state-secure residential treatment facility, and ordered the JPO to identify possible placements prior to a final disposition hearing.

On April 30, 2025, the court conducted the final dispositional hearing, where the JPO reported to the court that Appellant was accepted at three residential facilities. The court, incorporating the arguments, testimony, and findings from the April 18 hearing, committed Appellant to Summit Academy Residential Facility ("Summit Academy") based on the preference of Appellant and his mother.

This appeal followed.[2]  On June 18, 2025, Appellant filed late a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.[3]  The juvenile court complied with Rule 1925(a).

Appellant raises the following issue for our review: "Whether Appellant's sentencing hearing did not follow the Sentencing Code, sentencing norms and whether the sentence was manifestly unreasonable and excessive where the [t]rial [c]ourt abused its discretion by misapplying the law and improperly considering and/or weighing the Appellant's prior consent decree for [H]arassment in fashioning a sentence."  Appellant's Br. at 5.

This Court's standard of review is whether the juvenile court abused its discretion in rendering its dispositional order.  ***See In re A.D.***, 771 A.2d 45, 53 (Pa. Super. 2001) (*en banc*) (concluding that the juvenile court did not abuse its discretion in considering "the information presented to it and fashion[ing] a disposition it believed best suited the circumstances

_____

[2] We note that Appellant did not pursue the expedited appeal process for out-of-home placement by filing a petition for specialized review pursuant to Pa.R.A.P. 1612.  However, failure to seek expedited review under Rule 1612 does not waive Appellant's right to seek review of the placement in a later appeal.  ***See*** Pa.R.A.P. 1612(h).

[3] While a 1925(b) statement must be filed concomitantly with the notice of appeal for children's fast track cases pursuant to Pa.R.A.P. 1925(a)(2)(i), we decline to quash or dismiss his appeal as Appellant filed a 1925(b) statement approximately 2 weeks later, the trial court opinion fully addressed the merits of the issues raised therein, and there is no assertion of any prejudice.  ***See In re K.T.E.L.***, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that failure to file a Rule 1925(b) statement concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case-by-case basis, but did not result in dismissal or quashal where there was no prejudice to the other parties as a result of the late filing).

involved[.]"). Critically, "the Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions" and "this Court will not disturb the juvenile court's disposition absent a manifest abuse of discretion." *Int. J.G.*, 145 A.3d 1179, 1184 (Pa. Super. 2016). As this Court explained in *In re Love*, 646 A.2d 1233 (Pa. Super. 1994):

> [T]he discretion of the Juvenile Court in implementing a disposition is broad, it is flexible and the Juvenile Court has considerable power to review and modify the commitment, taking into account the rehabilitative progress or lack of it of the juvenile. Without extreme specificity as to the error by the court in imposing the commitment, there can be no basis for setting aside the disposition.

*Id.* at 1238 n.5.

Pursuant to Section 6352(a) of the Juvenile Act, the juvenile court's disposition must "be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare[.]" 42 Pa.C.S. § 6352(a). The court must "provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community[.]" *Id.*

In addition, the court must state the reasons why commitment to an out-of-home facility is "the least restrictive placement that is consistent with the protection of the public and best suited to the child's treatment, supervision, rehabilitation and welfare." *Id.* at § 6352(c). Pursuant to Section 6301, a child should be separated from his or her parents "only when necessary for his welfare, safety or health or in the interests of public

safety[.]" *Id.* at § 6301(b)(3). The Juvenile Act directs the court to employ "evidence-based practices whenever possible . . . by using the least restrictive intervention that is consistent with the protection of the community, the imposition of accountability for offenses committed and the rehabilitation, supervision and treatment needs of the child[.]" *Id.* at § 6301(b)(3)(i).

Appellant challenges his placement at Summit Academy, arguing that the juvenile court "improperly considered and/or weighed [] Appellant's prior consent decree for [H]arassment."[4] Appellant's Br. at 12. He asserts that because a consent decree is not a conviction and the delinquency petition is dismissed upon successful completion of probation supervision, the juvenile court cannot consider the consent decree when fashioning its disposition. *Id.* at 18 (citing 42 Pa.C.S. § 6340). Appellant cites to *Commonwealth v. Berry*, 323 A.3d 641 (Pa. 2024), where our Supreme Court held that evidence of an adult defendant's arrest record was inadmissible and irrelevant at sentencing, and asserts that *Berry* is applicable to consent decrees in a juvenile context.

Appellant's reliance on *Berry* is inapt. In *Berry*, our Supreme Court addressed "whether a sentencing court lawfully may consider [a criminal defendant's] record of prior arrests, which did not result either in juvenile adjudications or adult convictions, as a factor at sentencing." 323 A.3d at

_____

[4] Appellant characterizes the disposition as a sentence and frames this appeal as a challenge to the discretionary aspects of his sentence. *See* Appellant's Br. at 4-21. A juvenile disposition, however, is governed by the Juvenile Act and is not a sentence imposed under the Sentencing Code. We, therefore, decline to consider Appellant's argument to the extent that it relies on the Sentencing Code and case law interpreting its provisions.

643. The Court noted that "evidence of a defendant's arrest record is inadmissible and irrelevant in nearly every criminal law context[,]" and found that "[s]uch evidence also is inadmissible at sentencing, generally." *Id.* at 648.

This Court has, however, recognized that "juvenile proceedings are not criminal proceedings." *In re L.A.*, 853 A.2d 388, 393 (Pa. Super. 2004). Rather, "[t]he purpose of juvenile proceedings is to seek treatment, reformation and rehabilitation, and not to punish. To this end, the juvenile court system was designed to provide a distinctive procedure and setting to deal with the problems of youth." *In re C.M.T.*, 861 A.2d 348, 356 (Pa. Super. 2004) (citations and quotation marks omitted). In order to effectuate these goals, judges in the juvenile system have greater flexibility to impose and modify dispositions than adult sentencing courts. *In re M.D.*, 839 A.2d 1116, 1119 (Pa. Super. 2003). Accordingly, we decline to extend *Berry* to prohibit the juvenile court from considering Appellant's consent decree when fashioning a disposition best suited to treat, supervise, and rehabilitate Appellant.

In the instant case, the juvenile court, "after considering all the circumstances of the case, the arguments of counsel and the [JPO], Appellant's relevant history and the recommendations within[] the [p]sychological [e]valuation," determined "that the appropriate, least-restrictive alternative for Appellant was placement at a non-state-secure residential treatment facility." Trial Ct. Op., 7/16/25, at 6 (citing N.T. Hr'g,

- 7 -

4/18/25, at 43-56). The juvenile court noted that the consent decree was "relevant to the [c]ourt's consideration of an appropriate disposition" as but "one of many factors it considered" in fashioning its disposition. *Id.* at 13-14. The juvenile court found it significant that Appellant's behavior resulting in the consent decree was of a similar nature to his instant charges. *Id.* at 13.

We conclude that the juvenile court did not err in considering Appellant's prior consent decree and the record supports its finding that the consent decree was relevant to its disposition. Appellant completed the terms of the consent decree less than three months prior to the incident at issue in this appeal and the decree was not yet entitled to expungement. *See* 18 Pa.C.S. § 9123(a)(2) (permitting expungement six months after the final discharge of the juvenile from supervision). The underlying incident there involved an altercation during which Appellant shot another juvenile in the face with a BB gun, while the instant delinquent act similarly involved Appellant's reckless handling of an actual firearm. We, thus, conclude the juvenile court did not abuse its discretion in considering the consent decree, and the act that led to its entry, as one factor relevant to its current consideration of Appellant's treatment, supervision, and rehabilitative needs.

Further, the juvenile court considered the nature and gravity of the delinquent act, Appellant's relevant history, the JPO report, Appellant's psychological evaluation, Appellant's letter to the court, and testimony from the Victim's mother and Appellant's mother and brother. Trial Ct. Op. at 6 (citing N.T. Hr'g at 43-56). The juvenile court determined, based on this

- 8 -

evidence, "that the appropriate, least-restrictive alternative for Appellant was placement at a non-state-secure residential treatment facility." ***Id.*** Our review of the record supports the juvenile court's findings and we, thus, conclude that the juvenile court did not abuse its discretion when it determined that Appellant was in need of treatment, supervision, and rehabilitation and found that out-of-home placement was the least restrictive alternative.

Dispositional order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025